Timothy James CARLSON, Plaintiff,

v.

TRANS UNION, LLC, Experian Information Solutions, Inc., CSC Credit Services, Inc., Equifax Information Services, LLC, Verizon Wireless, and Risk Management Alternatives, Inc., Defendants.

No. CIV.3:02–CV–2654–H.

United States District Court,
N.D. Texas,
Dallas Division.

April 16, 2003.

David A. Szwak, Bodenheimer, Jones, Szwak & Winchell, Shreveport, LA, for Timothy James Carlson.

Van Harold Beckwith, Chad Pinson, Baker Botts, Dallas, for CSC Credit Services, Inc.

Dean D. Hunt, Bracewell & Patterson, Houston, TX, for Verizon Wireless.

Amanda Stamps Lewis, Paul L Myers, Strasburger & Price, Dallas, TX, for Trans Union LLC.

Peter C. Lewis, Walker, Bright & Lewis, Dallas, TX, for Risk Management Alternatives.

Daniel J. McLoon, Jones, Day, Reavis & Pogue, Los Angeles, CA, for Experian Information Solutions Inc.

Timothy D. Zeiger, Shackelford, Melton & McKinley, Dallas, TX, for Equifax Information Services LLC.

### MEMORANDUM OPINION AND ORDER

SANDERS, Senior District Judge.

Before the Court are Defendant Verizon Wireless's Rule 12(b)(6) Motion to Dismiss, filed February 14, 2003, and Plaintiff's Response, filed February 24, 2003. Verizon did not file a Reply.

## I. Background

Plaintiff brings this lawsuit against Defendants based upon false credit reports and illegal collection activities. In May of 2001, Plaintiff viewed a copy of his consumer credit report while attempting to obtain a mortgage. Compl. at 3. That credit report included trade lines from Verizon Wireless ("Verizon") which Plaintiff alleges were false. Compl. at 3. Plaintiff contacted Verizon to have the false trade lines removed. *Id.* Verizon representatives advised Plaintiff that Verizon's account system had no account bearing Plaintiff's name or social security number, and did not contain the false Verizon account numbers. *Id.* at 4. Verizon's representative advised Plaintiff to contact Defendant TransUnion, LLC ("TransUnion") to dispute the trades. *Id.* Plaintiff did so, but later received a post-reinvestigation credit report still containing false information. *Id.* Plaintiff has never held an account with Verizon. Compl. at 5. TransUnion told Verizon of the disputes and Verizon stated that the trade lines had to remain on Plaintiff's credit report. Compl. at 5. Plaintiff spoke to several Verizon employees in an attempt to resolve the false trade lines. *Id.* at 6. Plaintiff completed a "Fraud Affidavit" and returned it to Verizon in an attempt to have the false trade lines removed. *Id.* At this point, Plaintiff began to receive collection demands from Risk Management Alternatives, Inc. ("RMA"). *Id.* Plaintiff was then told that investigations at Verizon had uncovered a corporate check from Plaintiff's former employer, Paragon Computers, Inc. ("Paragon"), on the allegedly fraudulent accounts containing Plaintiff's name. Plaintiff was informed that Verizon was of the opinion that he was liable on the debts. Compl. at 7. Plaintiff has not signed a personal guarantee for the debts of Paragon. *Id.* Plaintiff was routinely denied credit and mortgages on the basis of his

inaccurate credit report over the period of time between May 2001 and October 2002 despite continued efforts on his part to have the credit report corrected, both through contacts with Verizon and the various credit reporting agencies that are parties to this lawsuit.

Plaintiff brought this claim against the Defendants December 12, 2002. *See* Compl. Plaintiff alleges that Verizon is a "user" of credit information and a "furnisher" of credit information as discussed in the Fair Credit Reporting Act ("FCRA"). Plaintiff brings suit because Verizon failed to correct the erroneous trade lines in his consumer credit report after they had been brought to Verizon's attention. Plaintiff sues Defendant Verizon for negligence, defamation, and violation of § 1681s–2(b) of the FCRA.

Defendant Verizon brings this Motion to Dismiss under Federal Rule of Civil Procedure 12(b)(6). Defendant Verizon asserts that Plaintiff's claim under the FCRA is barred because he lacks a private cause of action against a furnisher of information. Furthermore, to the extent that Verizon might have owed a duty to Plaintiff in this situation, Verizon argues that Plaintiff has failed to set forth the factual prerequisites to bringing a claim under § 1681s–2[b]. Verizon also argues that Plaintiff's state-law claims are barred. Verizon claims that Plaintiff's claims are barred by pre-emption or by the statute of limitations. Plaintiff disputes Verizon's assertions.

## II. Analysis

### A. Federal Claims

#### 1. Private Causes of Action under § 1681s–2(b) of the FCRA

■ Defendant Verizon asserts that Plaintiff has failed to state a claim upon which relief may be granted because there is no private cause of action under § 1681s–2(b). The Fifth Circuit has expressly declined to reach this issue.

*Young v. Equifax Credit Info. Servs.*, 294 F.3d 631, 639 (5th Cir.2002). However, the Ninth Circuit provides a detailed analysis of the issue in *Nelson v. Chase Manhattan Mortgage Corp.* 282 F.3d 1057 (9th Cir.2002). After a detailed analysis of the interrelationship between various portions of the FCRA, as well as an exploration of legislative history, the Ninth Circuit concludes that there is a private cause of action under § 1681s–2(b). This Court agrees. The FCRA provides for private causes of action under § 1681n and 1681o. While there is no private right of action under § 1681s–2(a), as is indicated in § 1681s–2(c) and (d), there is no such limitation on § 1681s–2(b). 15 U.S.C. § 1681s–2 (2003). Plaintiff's claims under § 1681s–2(b) may not be dismissed on this basis. Defendant Verizon's Motion to Dismiss on the ground that there is no private cause of action under § 1681s–2(b) is **DENIED.**

#### 2. Degree of Specificity Required in Complaints

■ Verizon further argues that Plaintiff failed to include statements of fact in his complaint adequate to prove necessary elements of a claim under § 1681s–2(b) of the FCRA. Verizon argues that to state a claim under § 1681s–2(b), a plaintiff must plead that a consumer reporting agency notified a furnisher of a dispute pursuant to § 1681i(a)(2). It is clear from § 1681s–2(b)(1) that Plaintiff must indeed prove that such notification occurred to succeed on his claims. *See* 15 U.S.C. § 1681s–2(b) (2003). However, under Federal Rule of Civil Procedure 8(a), a pleader need only set forth "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a). Furthermore, in ruling on a motion to dismiss for failure to state a claim under Rule 12(b)(6), the Court must "liberally construe the complaint in favor of the plaintiff."

*Oliver v. Scott,* 276 F.3d 736, 740 (5th Cir.2002). Plaintiff is not required to plead all elements of a *prima facie* case to avoid 12(b)(6) dismissal. All that is required is fair notice of the claim and the ground on which it rests. *See, Swierkiewicz v. Sorema N.A.,* 534 U.S. 506, 122 S.Ct. 992, 998, 152 L.Ed.2d 1 (2002), *quoting* FED. R. CIV. P. 8(a)(2). Plaintiff meets this standard. In fact, Plaintiff asserts that the Defendant consumer reporting agencies advised Verizon that Plaintiff disputed the account. Defendant Verizon's Motion to Dismiss on the ground that Plaintiff failed to plead that a consumer reporting agency notified Verizon of a dispute pursuant to § 1681i(a)(2) is **DENIED.**

## B. State–Law Claims

### 3. *Federal Preemption*

 Defendant Verizon argues that Plaintiff's state-law claims for defamation and negligence are preempted by the FCRA. Defendant argues that § 1681t(b)(1)(F) requires preemption in this situation. *See* 15 U.S.C. § 1681t(b)(1)(F) (2003). That section provides that "[n]o requirement or prohibition may be imposed under the laws of any State with respect to any subject matter regulated under section 1681s–2 of this title, relating to the responsibilities of persons who furnish information to consumer reporting agencies." *Id.* Section 1681t(b)(1)(F)(i) and (ii) provide exceptions for portions of the Massachusetts and California codes respectively. Section 1681t(b)(1)(F) was added to the FCRA in 1996. Another section of the FCRA also addresses a plaintiff's ability to bring state-law claims. *See* 15 U.S.C. § 1681h(e) (2003). Section 1681h(e), provides that "no consumer may bring any action or proceeding in the nature of defamation, invasion or privacy, or negligence with respect to the reporting of information against...any person who furnishes infor-

mation to a consumer reporting agency, based on information disclosed pursuant to section 1681g, 1681h, or 1681m of this title...based in whole or in part on the report except as to false information furnished with malice or willful intent to injure such consumer." *Id.* In the case before the Court, Plaintiff brings claims for both defamation and negligence as well as a claim under § 1681s–2 of the FCRA. Section 1681t(b)(1)(F) seems to provide for complete preemption of state-law claims governing "any subject matter regulated under section 1681s–2" while § 1681h(e) provides for partial preemption of such claims where plaintiff does not show "malice or willful intent to injure." The question, therefore, is how these two sections interact to affect Plaintiff's claims for defamation and negligence.

Upon review of relevant authorities, the Court finds that the question of preemption of state common law claims brought in federal court along with a claim under the FCRA has not yet been addressed by a Circuit Court. A handful of district courts around the country have addressed the issue of preemption of pendent state law claims for common law claims such as defamation brought against a furnisher-the same question that currently faces this Court. While there is no general consensus as to how such claims should be handled, a review of the most recent district court opinions to address the preemption issue is informative.

In *Riley v. General Motors Acceptance Corporation,* the court held that state law tort claims are always preempted by § 1681t(b)(1)(F) if the state-law claims claims arise out of the same facts as the claim under the FCRA. 226 F.Supp.2d 1316, 1322 (S.D.Ala.2002). In *Vazquez–Garcia v. Trans Union De Puerto Rico* and *Aklagi v. Nationscredit Financial Services Corp.,* a temporal approach was

taken. 222 F.Supp.2d 150 (D.P.R.2002); 196 F.Supp.2d 1186 (D.Kan.2002). The *Vazquez–Garcia* and *Aklagi* courts both held that there are two distinct time frames that are relevant to an analysis under the FCRA with respect to furnisher liability under state common law: (1) before the furnisher is notified of a dispute by the consumer reporting agency; and (2) after notification. In the first time period, according to these courts, § 1681h(e) applies and a plaintiff may bring any claims for defamation or negligence so long as the furnisher had "malice or willful intent to injure." 15 U.S.C. § 1681h(e).[1] In the second time period, after the furnisher has been notified of a complaint by the consumer reporting agency, § 1681t(b)(1)(F) serves as a total bar to state-law claims. While the approach of the *Vazquez–Garcia* and *Aklagi* courts represents an understandable effort to reconcile these two apparently conflicting subsections of the FCRA, this Court does not believe that this "temporal" approach represents the best solution to the problem. A simpler approach to reconciling the two subsections based upon the language of the sections themselves is this: § 1681h(e) applies only to torts, while § 1681t(b)(1)(F) applies only to state statutory regulation. *See e.g.,* Richard J. Rubin, *Fair Credit Reporting Act Amendments Provide New Duties on Furnishers of Information,* 1113 PLI/Corp 203, 207–8 (1999).

■ Section 1681h(e) clearly applies to torts. The section specifically references "any action or proceeding *in the nature of* defamation, invasion or privacy, or negligence." 15 U.S.C. § 1681h(e). All claims in the (non-exclusive) list are torts. Section 1681t(b)(1)(F) gives every indication of dealing only with state statutory regulation. This is made yet more clear when you consider the two laws that are specifically excluded from § 1681t(b)(1)(F)'s coverage. Section 54A(a) of Chapter 93 of the Massachusetts Annotated Laws requires furnishers to follow "reasonable procedures to ensure that the information reported to a consumer reporting agency is accurate and complete" and forbids furnishers to knowingly provide false information to a consumer reporting agency. Likewise, section 1785.25(a) of the California Civil Code also deals with inaccurate or incomplete information in a credit report and closely follows the requirements of § 1681s–2. There is no indication that Section 1681t(b)(1)(F) was meant to completely preempt ALL state law claims including state common law claims. Furthermore, by its own terms § 1681t(b)(1)(F) only applies to state laws "with respect to any subject matter regulated under section 1681s–2." 15 U.S.C. § 1681t(b)(1)(F). Were the state law claims brought by Plaintiff in this case claims under Texas state consumer protection laws, the Court would obviously conclude that such claims were preempted because the subject matter of the two statutes would be the same. However, Plaintiff's remaining state law claim against Verizon in this case is not statutory, but rather is a common law claim for defamation. It is clear that the substance of a claim under § 1681s–2 and a claim for defamation are significantly different. Under § 1681s–2, Plaintiff must show that Defendant Verizon violated a duty, either willfully or negligently, to thoroughly investigate his claim to a consumer reporting agency that there was an inaccuracy in his credit report. Under Texas law, to prove a case of defamation, Plaintiff must show: (1) that the Defendant published a statement; (2) that the statement was defamatory; (3) and concerned the Plaintiff; (4)

---

**1.** However, where there is a requirement of "malice or willful intent to injure" there is no cause of action for negligence. Negligence claims are preempted by § 1681h(e).

while acting with either negligence, if plaintiff is a private individual, or actual malice, if plaintiff is a public figure, regarding the truth of the statement. *WFAA–TV, Inc. v. McLemore,* 978 S.W.2d 568, 571 (Tex.1998).[2] While the acts giving rise to the two causes of action are the same, the subject matter of the two claims are significantly different. Section 1681t(b)(1)(F) does not preclude Plaintiff's state law claim for defamation. Defendant's Motion to Dismiss Plaintiff's negligence claim is **GRANTED** as preempted by § 1681h(e). Defendant's Motion to Dismiss Plaintiff's defamation claim is **DE-NIED.**

### 4. *Statute of Limitations*

Finally, Defendant Verizon argues that Plaintiff's state law defamation claim is barred by the statute of limitations. Texas applies a one-year statute of limitations to defamation claims. TEX. CIV. PRAC. & REM. CODE § 16.002(a). The statute of limitations begins to run on accrual, and accrual occurs when a wrongful act causes some legal injury. As this suit was brought on December 12, 2002, any defamatory publications made before December 12, 2001 are time barred.

## III. Conclusion

Defendant's Motion to Dismiss is **GRANTED** as to any alleged defamatory publications made prior to December 12, 2001 and as to Plaintiff's state law negligence claim and such claims are **DIS-MISSED.** The remainder of Defendant's Motion to Dismiss is **DENIED.**

SO ORDERED.

---

**2.** Under the requirements of § 1681h(e), Plaintiff would be required to show actual malice or willful intent in this case.