**Julian T. JEFFERY, Jr., Plaintiff,**

v.

**TRANS UNION, LLC and Bank Of America, N.A., Defendants.**

**No. CIV.A.3:02CV243.**

United States District Court,
E.D. Virginia,
Richmond Division.

July 24, 2003.

Leonard Anthony Bennett, Leonard A. Bennett, P.C., Newport News, VA, Richard Yorke Atlee, Jr., Hall, Fox and Atlee, P.C., Hampton, VA, for Julian T. Jeffery, Jr., Plaintiff.

Stanley Paul Wellman, Mark Gregory Carlton, Harman Claytor Corrigan & Wellman, Glen Allen, Bruce Steven Luckman, Timothy P. Creech, Satzberg, Trichon, Kogan & Wertheimer, PC, Mark E. Kogan, Satzberg, Trichon, Kogan & Wertheimer PC, Philadelphia, PA, Donald Washington Martin, Jr., McGuire Woods

LLP, Richmond, VA, Edward Hutchinson Robbins, Jr., Miles & Stockbridge P.C., Baltimore, MD, Christian Levine Simpson, Miles & Stockbridge PC, McLean, VA, for Trans Union, LLC, Bank of America, National Association, Defendants.

## MEMORANDUM OPINION

RICHARD L. WILLIAMS, Senior District Judge.

This matter is before the Court on the motion for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c) with respect to plaintiff's defamation claim filed by defendant Bank of America, N.A. ("Bank of America"). Plaintiff, Julian T. Jeffery, Jr. ("Jeffery" or "plaintiff"), has responded, Bank of America has filed a reply, and this matter is ripe.

The plaintiff brought this action pursuant to the Fair Credit Reporting Act, 15 U.S.C. § 1681 *et seq.* ("FCRA"). The plaintiff alleges that both defendants, Bank of America and Trans Union, LLC ("Trans Union"), violated the Fair Credit Reporting Act. There is also a claim of defamation as to defendant Bank of America. According to the complaint, defendant Bank of America furnished false information regarding the plaintiff to defendant Trans Union. Despite plaintiff's repeated requests that the defendants remove the false information from his credit report and plaintiff's furnishing information to the defendants to support his position, the information was not removed. Plaintiff seeks damages, attorney fees and costs, interest, and other relief.

In the motion for judgment on the pleadings, defendant Bank of America argues that plaintiff's state defamation claim is preempted by the FCRA. Its position is that the FCRA totally preempts any state law claim premised upon a credit furnisher's conduct taken *after* the plaintiff provides notice of a dispute to a credit-reporting agency, pursuant to Section 1681t(b)(1)(F) of the FCRA. The defendant points out that the FCRA contains two preemption provisions, but argues that Section 1681t(b)(1)(F) applies. That section provides in relevant part:

No requirement or prohibition may be imposed under the laws of any State with respect to any subject matter regulated under ... section 1681s–2 of this title, relating to the responsibilities of persons who furnish information to consumer reporting agencies ....

15 U.S.C. § 1681t(b)(1)(F). The FCRA's other preemption provision, Section 1681h(e), provides in relevant part:

(e) Limitation of liability

Except as provided in sections 1681n and 1681o of this title, no consumer may bring any action or proceeding in the nature of defamation, invasion of privacy, or negligence with respect to the reporting of information against any consumer reporting agency, any user of information, or any person who furnishes information to a consumer reporting agency ... except as to false information furnished with malice or willful intent to injure such consumer.

15 U.S.C. § 1681h(e). Section 1681h(e) is the original and more specific preemption provision.

The defendant argues that the "majority approach" it advocates "harmonize[s] these two preemption provisions using a temporal formula." It cites several cases to support its argument, including *Riley v. General Motors Acceptance Corp.*, 226 F.Supp.2d 1316 (S.D.Ala.2002) and *Vazquez–Garcia v. Trans Union De Puerto Rico*, 222 F.Supp.2d 150 (D.P.R.2002) (citing *Aklagi v. Nationscredit Fin. Servs. Corp.*, 196 F.Supp.2d 1186 (D.Kan.2002)). These courts have identified two discrete time periods covered by the two preemption sections. Under this temporal analysis, the first time period ends once the

furnisher of information receives notice of the dispute. The reasoning is that Section 1681s–2 does not apply to the time period before the furnisher of information receives notice of the dispute and, therefore, preemption of claims during this first time period is governed by Section 1681h(e). The second time period, the analysis continues, begins once the furnisher of information receives notice of the dispute, triggering the duty to investigate, which is required by Section 1681s–2(b). Thus, under this analysis, the state law claims that arise during the second time period are preempted by Section 1681t(b)(1)(F). *See Aklagi*, 196 F.Supp.2d at 1194–96.

There is another approach, not argued by Bank of America in this case, but followed by several courts. These courts have held that Section 1681t(b)(1)(F), which was added after Section 1681h, completely subsumes Section 1681h(e). *See Hasvold v. First USA Bank*, 194 F.Supp.2d 1228 (D.Wyo.2002); *Jaramillo v. Experian Info. Solutions, Inc.*, 155 F.Supp.2d 356, 363 (E.D.Pa.2001) (vacated upon reconsideration). This analysis, however, would render Section 1681h(e) completely superfluous. Since Congress left Section 1681h(e) in place when it added Section 1681t(b)(1)(F), this analysis is flawed.

■ There is a third approach, based on the language of the statutes. In *Carlson v. Trans Union, LLC*, 259 F.Supp.2d 517 (N.D.Tex.2003), the court held that Section 1681h(e) applies only to torts, while Section 1681t(b)(1)(F) applies only to state statutory regulation. The court stated:

> Section 1681h(e) clearly applies to torts. The section specifically references "any action or proceeding *in the nature of* defamation, invasion or privacy, or negligence." 15 U.S.C. § 1681h(e). All claims in the (non-exclusive) list are torts. Section 1681t(b)(1)(F) gives every

indication of dealing only with state statutory regulation. This is made yet more clear when you consider the two laws that are specifically excluded from Section 1681t(b)(1)(F)'s coverage.

259 F.Supp.2d at 521 (emphasis in original). The *Carlson* court also specifically rejected the temporal approach used in *Vazquez–Garcia* and *Aklagi*.

The analysis in *Gordon v. Greenpoint Credit*, 266 F.Supp.2d 1007 (S.D.Iowa 2003), is also helpful. That court, in considering the various approaches used by other district courts, found the temporal analysis advanced in this case by defendant Bank of America to be "strained at best." As the *Gordon* court noted, " § 1681s–2(a)(1)(A) charges furnishers of information with a duty to report accurate information regardless of whether the furnisher has notice of the dispute." *Id.* at 1012–13. Therefore, "the argument that § 1681s–2 applies only after the furnisher of information receives notice of the dispute must fail." *Id.* Further, there is the matter of the more specific preemption provision—Section 1681h(e). Section 1681t(b) is a general preemption provision, "both by its terms and its given moniker," which is "General exceptions." *Id.* Under the principles of statutory construction, "a general statute must yield when there is a specific statute involving the same subject matter." *Id.* (citing *Craighead Elec. Coop. Corp. v. City Water & Light Plant*, 278 F.3d 859, 861 (8th Cir.2002)). *See also Strawser v. Atkins*, 290 F.3d 720, 733 (4th Cir.2002) ("It is a well-settled principle of construction that specific terms covering the given subject matter will prevail over general language of the same or another statute which might otherwise prove controlling."). Accordingly, under principles of statutory construction, the more specific statute—Section 1681h(e) controls.

This Court finds the *Carlson* and *Gordon* opinions, both of which focus on statutory construction, to be persuasive. *See also Dornhecker v. Ameritech Corp.*, 99 F.Supp.2d 918 (N.D.Ill.2000) (holding that Section 1681h(e) applies to the tort claims, not Section 1681t(b)(1)(F)); *Sehl v. Safari Motor Coaches, Inc.*, 2001 WL 940846 (N.D.Cal.2001) (finding that Section 1681h(e) is an exception to the more general Section 1681t); *Yutesler v. Sears Roebuck & Co.*, 263 F.Supp.2d 1209 (D.Minn. 2003) (rejecting the temporal analysis as not supported by the language of the FCRA and applying Section 1681h(e) to the defamation claim). Further, the plain language of Section 1681t also supports the conclusion that Section 1681t(b)(1)(F) does not apply to state tort claims. The language of Section 1681t(b) states that no "requirement or prohibition may be imposed under the laws of any State." Several sections refer to "any state law in effect on the date of enactment." *See* Sections 1681t(b)(1)(B) & 1681t(b)(1)(E). Section 1681t(b)(1)(F), at issue in this matter, and Section 1681t(b)(2) refer to several state statutes specifically, those of Massachusetts, Vermont, and California. Section 1681t(d)(2) also uses the term "state law."

In addition, a recent Fourth Circuit case, *Beattie v. NationsCredit Fin. Servs. Corp.*, 65 Fed.Appx. 893, 2003 WL 21213703 (4th Cir.2003), which was not selected for publication, is nevertheless instructive. Without any discussion of the two preemption provisions, the Fourth Circuit noted the district court's application of Section 1681h(e) to the plaintiffs-consumers' libel claim against NationsCredit. "The district court granted NationsCredit's motion for summary judgment on the Beatties' libel claim, stating that they failed to prove that NationsCredit submitted false information to consumer reporting agencies 'with malice or willful intent,' as required by the FCRA, 15 U.S.C.

§ 1681h(e)." The Court of Appeals then applied South Carolina law to determine the issue of "malice or willful intent," pursuant to Section 1681h(e)'s language—"except as to *false information furnished with malice or willful intent to injure such consumer." Id.* at 898 n. 7, 2003 WL 21213703 (emphasis in original).

There are also several district court cases within the Fourth Circuit that have considered preemption within the context of the FCRA. While not addressing the specific issue presently before the Court, these cases are also instructive. *See Swecker v. Trans Union Corp.*, 31 F.Supp.2d 536, 540 (E.D.Va.1998) (finding that "the explicit language of the FCRA makes clear that the statute does not completely preempt all state causes of action for defamation" and applying Section 1681h(e)); *Rule v. Ford Receivables, Inc.*, 36 F.Supp.2d 335 (S.D.W.Va.1999) (rejecting the defendant's argument that the FCRA completely preempts state negligence claim and applying Section 1681h(e)).

In summary, the language of the statutes, the principles of statutory construction, and the case law that the Court finds to be well-reasoned and persuasive, including case law within the Fourth Circuit, support the plaintiff's position. Accordingly, the Court finds that Section 1681h(e)—and not Section 1681t(b)(1)(F)—applies to the defamation claim. The Court further finds that the plaintiffs have properly alleged a claim of defamation. For these reasons, the motion for judgment on the pleadings will be denied.