UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF NEW HAMPSHIRE


Gregg Henry and Linda Henry

    v.                            Civil No. 02-395-JD
                                       Opinion No. 2003 DNH 178
Fleet Boston f/k/a
BankBoston, N.A. and
Chase Manhattan Bank USA, N.A.


O R D E R


The plaintiffs, Gregg and Linda Henry, bring claims under
the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681, et
seq., and state law defamation and negligent infliction of
emotional distress claims, arising from a banking error that
resulted in a partially unpaid credit card bill owed to Chase
Manhattan Bank USA.  Chase moves for partial summary judgment on
the state claims.  Fleet Boston moves for summary judgment on the
negligent infliction of emotional distress claim, which is the
only claim brought against it.  The Henrys object to summary
judgment.


Standard of Review

Summary judgment is appropriate when "the pleadings,
depositions, answers to interrogatories, and admissions on file,
together with the affidavits, if any, show that there is no
genuine issue as to any material fact and that the moving party

is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). The party seeking summary judgment must first demonstrate the absence of a genuine issue of material fact in the record. See Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). A party opposing a properly supported motion for summary judgment must present competent evidence of record that shows a genuine issue for trial. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 256 (1986). All reasonable inferences and all credibility issues are resolved in favor of the nonmoving party. See id. at 255.

Background[1]

The dispute began when Gregg Henry attempted to pay his Chase credit card bill with a check written on his Fleet checking account. On June 24, 1999, Gregg wrote a check to Chase for $7,425.93, the amount owed on the monthly statement. Fleet erroneously encoded the check as $1,425.93, leaving a balance owed on the credit card of $6,000.

After Gregg notified Fleet of the error, Fleet debited his account for the remaining $6,000 and credited that amount to Chase. Chase, however, did not credit that amount to Gregg

[1]Neither Chase nor the Henrys provided a properly supported factual statement. See LR 7.2(b). Therefore, the facts are taken from the complaint and from the materials provided by Fleet.

2

Henry's account.  Chase continued its attempts to collect $6,000 from Gregg Henry as a delinquent debt and reported the uncollected amount to credit reporting agencies as a delinquent debt.  Chase's erroneous reports have damaged the Henrys' credit.

## Discussion

In its motion for partial summary judgment, Chase contends that the FCRA preempts the Henrys' state law claims and that their negligent infliction of emotional distress claim fails because they cannot prove physical injury caused by Chase's negligence.  Fleet moves for summary judgment in its favor as to the Henrys' negligent infliction of emotional distress claim.

### A.  Chase - FCRA Preemption

The Henrys allege FCRA claims against Chase and allege that Chase published false and defamatory statements to consumer reporting agencies by reporting that Gregg Henry owed a debt to Chase and that he was delinquent in paying the debt.  That report, the Henrys contend, was erroneous.  They also allege that they and their counsel notified Chase of the error, but that Chase nevertheless reported the debt as delinquent.  Those actions, the Henrys assert, were defamatory and negligently caused them emotional distress.  Chase argues that those claims

3

are preempted by the FCRA.

The FCRA has two preemption provisions.  The more general provision, 15 U.S.C. § 1681t(b)(1)(F), states that state law may not impose requirements or prohibitions as to the responsibilities of those who furnish information to consumer reporting agencies under § 1681s-2.[2]  The more specific provision, § 1681h(e), limits claims "in the nature of defamation, invasion of privacy, [and] negligence" against a consumer reporting agency, a user of information, or a furnisher of information, based on information disclosed pursuant to § 1681g, § 1681h, § 1681m, or based on information disclosed by a user of a report, "except as to false information furnished with malice or willful intent to injure such consumer."  Chase contends that both provisions apply here and bar the Henrys' claims.

Courts are divided as to the appropriate analysis and interpretation of the two FCRA preemption statutes.  See, e.g., Jeffery v. Trans Union, LLC, 273 F. Supp. 2d 725, 727 (E.D.Va. 2003); Mattice v. Equifax, 2003 WL 21391679, at *3-4 n.2 (D. Minn. June 13, 2003).  Neither the First Circuit nor this court

_____

[2]The cited part of the statute exempts certain Massachusetts and California statutes.  There are limitations on the application of § 1681t(b)(1)(F) in § 1681t(d), which has not been cited by the Henrys.

4

has addressed these statutes.  The Henrys do not address the provisions of the FCRA asserted by Chase.  Instead, the Henrys contend that <u>Dun & Bradstreet v. Greenmoss Builders</u>, 472 U.S. 749 (1985), holds that their claims are not preempted by the FCRA. <u>Dun & Bradstreet</u>, however, did not involve the FCRA and does not apply here.  <u>See</u> <u>id.</u>; <u>see also</u> 15 U.S.C. § 1681a(c) (defining consumer for purposes of the FCRA as an individual).

Although persuasive arguments might have been made to the contrary, based on the present record, either the general preemption of § 1681t(b)(1)(F) or the more specific preemption of § 1681h(e) appears to bar the Henrys' defamation and negligent infliction of emotional distress claims against Chase.  The Henrys have not sustained their burden on summary judgment to come forward with evidence showing a trialworthy issue as to whether Chase acted with malice or willful intent to injure, as would be necessary to avoid § 1681h(e).  They also have shown no factual or legal basis for not preempting their state law claims under § 1681t(b)(1)(F).  Therefore, Chase is entitled to summary judgment with respect to the Henrys' defamation and negligent infliction of emotional distress claims.[3]

---

[3]Because the state tort claims against Chase are resolved under the FCRA, the court does not reach the alternative ground for summary judgment on the negligent infliction of emotional distress claim.

B.    <u>Fleet - Negligent Infliction of Emotional Distress</u>

The Henrys allege only a claim of negligent infliction of emotional distress against Fleet.  Fleet moves for summary judgment on the ground that expert witness testimony is necessary to prove that they suffered physical consequences as a result of emotional distress caused by Fleet.  Fleet contends that because the Henrys have stated that they will not have expert testimony, Fleet is entitled to summary judgment on that claim.

"[B]efore a plaintiff can recover damages for emotional distress pursuant to a negligence cause of action, he or she must prove that physical injury resulted therefrom."  <u>Thorpe v. State</u>, 133 N.H. 299, 304 (1990); <u>accord</u> <u>Palmer v. Nan King Rest., Inc.</u>, 147 N.H. 681, 683 (2002).  Expert witness testimony is necessary to establish the link between the negligence and the injury "if any inference of the requisite causal link must depend on observation and analysis outside the common experience of jurors."  <u>Thorpe</u>, 133 N.H. at 304 (internal quotation marks omitted).

The Henrys argue that they do not need expert testimony because "it is within the common experience of the jurors to comprehend and understand the nature of the failures on the part of the Defendant and the subsequent foreseeable, reasonable and actual emotional distress that the negative credit reporting

caused the Plaintiffs and the attendant physical manifestations of the same." Pl. Mem. at 4. However, they provide no record support for any physical manifestations of their distress. For that reason, no analysis is possible to determine whether the necessary causal link between the negligence and physical injury would be within the common experience of jurors. Therefore, based on the record presented for summary judgment, the Henrys have not shown a trialworthy issue remains as to the negligent infliction of emotional distress claim against Fleet.

Conclusion

For the foregoing reasons, defendant Chase's motion for partial summary judgment (document no. 17) is granted. Summary judgment is granted in favor of Chase as to plaintiffs' claims of defamation, Count III, and negligent infliction of emotional distress, Count IV. Defendant Fleet's motion for summary judgment (document no. 16) is granted. Summary judgment is granted in favor of Fleet as to Count IV.

SO ORDERED.

_____
Joseph A. DiClerico, Jr.
United States District Judge

October 20, 2003

cc: Jennifer R. Jones, Esquire
    Thomas J. Pappas, Esquire
    Rodney L. Stark, Esquire