### BANK ONE, N.A.

v.

### Arthur D. COLLEY, Mary Graves Colley, and Art Colley's Audio Specialties Inc.

v.

### First U.S.A. Bank, N.A., Bank One, N.A., CBC Credit Services Equifax Information Services, L.L.C., Experian Information Solutions, Inc., and Trans Union, L.L.C.

No. CIV.A. CV 02–152–D.

United States District Court, M.D. Louisiana.

Nov. 5, 2003.

Harry Joseph Philips, Jr., Brandon Kelly Black, Taylor, Porter, Brooks & Phillips, Baton Rouge, LA, for plaintiff.

George Bruce Kuehne, Kuehne & Foote, APLC, Baton Rouge, LA, for defendants/third–party plaintiffs.

Harry Joseph Philips, Jr., Brandon Kelly Black, Taylor, Porter, Brooks & Phillips, Frederick Scott Kaiser, Rebecca B. Crawford, Phelps Dunbar, LLP, Baton Rouge, LA, Thomas R. Juneau, Thomas R. Juneau, Juneau Law Firm, Lafayette, LA, Amelia Williams Koch, Locke, Liddell & Sapp, Glenn P. Orgeron, Lisa A. Easterling, Lemle & Kelleher, New Orleans, LA, John J. Friedline, John J. Friedline, James J. Swartz, Jr., Jones, Day Law Firm, Atlanta, GA, for third–party defendants.

George Bruce Kuehne, Kuehne & Foote, APLC, Baton Rouge, LA, for counter–claimants.

Harry Joseph Philips, Jr., Harry Joseph Philips, Jr., Taylor, Porter, Brooks & Phillips, Baton Rouge, LA, for counter–defendant.

*RULING ON MOTION FOR PARTIAL SUMMARY JUDGMENT*

BRADY, District Judge.

This matter is before the court on a motion for partial summary judgment (doc. 80) filed by First USA Bank, N.A. ("First USA"). Arthur D. Colley, Mary G. Colley, and Art Colley Audio Specialties, Inc. ("the Colleys") have filed an opposition. There is no need for oral argument. Subject matter jurisdiction is based upon 28 U.S.C. § 1331.

The relevant procedural background of this matter is as follows. On November 20, 2001, Bank One filed suit against the Colleys in state court, seeking to collect amounts due under two promissory notes and seeking the recognition of a mortgage on the Colleys' home.[1] The Colleys filed an Answer, Reconventional Demand, and Third Party Demand against Bank One, First USA, and several credit reporting agencies.[2] On February 8, 2002, this matter was removed to federal court. Subsequently, this court granted in part Bank One's summary judgment motion regarding the Colleys' reconventional demands.[3] Now, First USA moves for partial summary judgment, asserting that there are no material issues of fact regarding the Colleys' following third party demands: (1) claims arising under the Louisiana Unfair Trade Practices Act ("LUTPA"); (2) state law claims for negligence, defamation, and any other claims premised under La. C.C. art. 2315; and (3) claims arising under the Fair Credit Reporting Act ("FCRA"). For the following reasons, this court agrees.

*Background Facts*

The facts giving rise to the Colleys' third party demands against First USA

---

1. See Record doc. 1.

2. *Id.*

3. See Record doc. 70.

are relatively straightforward. In the Spring of 1998, the Colleys had an outstanding debt with First USA, which resulted in a "trade line" on the Colleys' credit report.[4] In an attempt to fix their credit report, the Colleys allege that they paid their debt in full and obtained an agreement from First USA to completely delete the trade line.[5] When the Colleys attempted to refinance the mortgage on their home in 1999, they found that the trade line still existed.[6] In late 2000, upon learning First USA was an affiliate of Bank One, Mr. Colley visited the Bocage branch of Bank One seeking to remedy this problem.[7] Ms. Diane Heirgh, the Bank One officer with whom Mr. Colley met, called a local credit reporting agency (a division of EQUIFAX) which promised to remove the inaccurate information.[8] Mr. Colley left a copy of the file with Ms. Heirgh so that the problem could be cleared with the other credit reporting agencies. The Colleys subsequently received an updated credit report from the local credit reporting agency, reflecting removal of the trade line.[9] However, on January 4, 2001, Mr. Colley discovered that the trade line was not deleted from credit reports issued by national credit reporting agencies.[10]

The Colleys sued First USA for claims arising under state theories of negligence and obligations, claims arising under LUT-PA, and claims arising under the FCRA.[11] First USA's motion for partial summary judgment urges this court to dismiss every claim except that which arises under Louisiana obligations law.

### Summary Judgment Standard

Summary judgment is appropriate when the pleadings, depositions, answers to interrogatories, admissions, and affidavits on file indicate that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law.[12] When the burden at trial rests on the non-moving party the moving party need only demonstrate that the record lacks sufficient evidentiary support for the non-moving party's case.[13] The moving party may do this by showing that the evidence is insufficient to prove the existence of one or more elements essential to the non-moving party's case.[14]

Although this court considers the evidence in the light most favorable to the non-moving party, the non-moving party may not merely rest on allegations set forth in the pleadings. Instead, the non-moving party must show that there is a genuine issue for trial.[15] Conclusory allegations and unsubstantiated assertions will not satisfy the non-moving party's burden.[16] If, once the non-moving party has been given the opportunity to raise a genu-

---

4. Colleys' Reconventional and Third Party Demand ¶ 28.

5. *Id.*

6. *Id.* at ¶ 29.

7. *Id.*

8. *Id.*

9. *Id.; see also* First USA's reply memorandum, Exhibit 1.

10. Colleys' Reconventional and Third Party Demand ¶ 29.

11. *Id.* at ¶ 31.

12. *Celotex Corp. v. Catrett,* 477 U.S. 317, 322, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986).

13. *Id.*

14. *Id.*

15. *Anderson v. Liberty Lobby,* 477 U.S. 242, 248–49, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986).

16. *Grimes v. Tex. Dep't of Mental Health,* 102 F.3d 137, 139–40 (5th Cir.1996).

ine factual issue, no reasonable juror could find for the non-moving party, summary judgment will be granted for the moving party.[17]

### Analysis

### I  LUTPA Claims

■ At the outset, this court notes that the Colleys concede that First USA is exempt from the LUTPA.[18] Indeed, "actions or transactions subject to the jurisdiction of... the state bank commissioner... and any bank chartered by or under the authority of the United States" are exempt from the provisions of the LUTPA.[19] Because it is uncontested that First USA is a national banking association chartered "by or under the authority of the United States" and is extensively regulated with respect to unfair and/or deceptive trade practices under the United States Code, First USA is exempt from the LUTPA as a matter of law.

### II  Negligence and Defamation Claims Arising under La. C.C. art. 2315

Next, First USA claims that the Colleys' negligence and defamation claims are preempted by the FCRA. First USA's position is that § 1681t(b)(1)(F) of the FCRA totally preempts any state law claim premised upon a credit furnisher's conduct taken *after* the consumer provides notice to the furnisher of a dispute with a credit-reporting agency. First USA argues that, because the alleged conduct giving rise to the Colleys' negligence and defamation claims arose *after* the Colleys told First USA that their credit report contained inaccuracies, those state law claims are preempted by § 1681t(b)(1)(F).[20] In response, the Colleys argue that the FCRA's other preemption provision— § 1681h(e)— should be applied instead.[21] The Colleys explain that, because of the exception in § 1681h(e) for "false information furnished with malice or willful intent to injure [the] consumer," a question of material fact remains regarding whether First USA's conduct was done with malice or willful intent. The issues for this court are, thus, how to reconcile the two preemption provisions of the FCRA and which provision to apply to the facts of this case.

The question of preemption of state common law claims under the FCRA has not yet been addressed by a Circuit Court. However, several district courts around the country have considered how and when to apply each preemption provision to pendent state common law claims. Three approaches have emerged from these district courts.[22] The first approach is to interpret § 1681t(b)(1)(F), which was added to the FCRA after § 1681h(e), as completely sub-

---

17. *Celotex*, 477 U.S. at 322, 106 S.Ct. 2548; *see also* FED. RULE CIV. P. 56(c).

18. Memorandum in Opposition at p. 869.

19. *Scott v. Bank of Coushatta*, 512 So.2d 356, 364 (La.1987) (discussing La. R.S. 51:1406(1)).

20. § 1681t(b)(1)(F) states, in relevant part, "[n]o requirement or prohibition may be imposed under the laws of any State with respect to any subject matter regulated under... section 1681s–2 of this title, relating to the responsibilities of persons who furnish information to consumer reporting agencies..."

21. § 1681h(e) provides, in pertinent part, "no consumer may bring any action or proceeding in the nature of defamation, invasion of privacy, or negligence with respect to the reporting of information against... any person who furnishes information to a consumer reporting agency...except as to false information furnished with malice or willful intent to injure such consumer."

22. *See Carlson v. Trans Union, LLC*, 259 F.Supp.2d 517, 520–21 (N.D.Tex.2003); *Jeffery v. Trans Union, LLC*, 273 F.Supp.2d 725, 726–27 (E.D.Va.2003).

suming § 1681h(e).[23] This approach, which would call for preemption of all pendent state law claims, has been rejected by at least one court because Congress left § 1681h(e) in place when it added § 1681t(b)(1)(F).[24] The second approach is to read § 1681h(e) as applying to state tort actions and § 1681t(b)(1)(F) as applying to state statutory regulation.[25] The third approach, called the temporal approach, has been applied most often[26] and was adopted by this court when it granted Bank One's motion for summary judgment on this issue.[27]

■ The temporal analysis relies on the language of § 1681t(b)(1)(F) itself to conclude that § 1681t(b)(1)(F) should only be used to preempt state actions premised upon a credit furnisher's conduct occurring *after* the furnisher receives notice of a dispute. § 1681t(b)(1)(F) states, in relevant part, "[n]o requirement or prohibition may be imposed under the laws of any State with respect to any subject matter regulated under... section 1681s–2 of this title, relating to the responsibilities of persons who furnish information to consumer reporting agencies...." § 1681s–2, in turn, only regulates conduct of furnishers of information *after* the furnishers have been either "notified by the consumer... that specific information is inaccurate"[28] or notified by a consumer reporting agency that a dispute over the accuracy of information has arisen.[29] Because the conduct regulated by § 1681s–2 has a temporal component, and § 1681t(b)(1)(F) is based on § 1681s–2, it follows that the application of

§ 1681t(b)(1)(F) likewise depends on when the furnisher of information received notice of a dispute. Thus, the bottom line of the temporal analysis is that preemption of state law claims arising *before* the furnisher of information receives notice of the dispute is governed by § 1681h(e) and preemption of state law claims arising *after* such a time is governed by § 1681t(b)(1)(F).

■ In the instant matter, the facts indicate that the alleged conduct giving rise to the Colleys' negligence and defamation actions occurred *after* First USA, the furnisher of information, was notified of an inaccuracy in the Colleys' credit report. The Colleys have not put forth any evidence suggesting that their negligence and defamation claims are based on any of First USA's actions taken *before* First USA had notice of the inaccuracy. Using the temporal analysis outlined above, it follows that § 1681t(b)(1)(F) is the correct preemption provision of the FCRA to apply. As that preemption provision does not make any exceptions, it follows that the Colleys' claims arising under state law theories of negligence and defamation are preempted by the FCRA.

## III  FCRA Claims

■ Lastly, First USA argues that the Colleys have not stated a claim under the FCRA for two reasons: (1) § 1681s–2(a) of

**23.** *See Hasvold v. First USA Bank,* 194 F.Supp.2d 1228, 1239 (D.Wyo.2002); *Jaramillo v. Experian Info. Solutions, Inc.,* 155 F.Supp.2d 356, 363 (E.D.Pa.2001) (vacated upon reconsideration).

**24.** *See Jeffery,* 273 F.Supp.2d at 727.

**25.** *See Carlson,* 259 F.Supp.2d at 521.

**26.** *See Vazquez–Garcia v. Trans Union De Puerto Rico,* 222 F.Supp.2d 150 (D.P.R.2002);

*Aklagi v. Nationscredit. Financial Services Corp.,* 196 F.Supp.2d 1186 (D.Kan.2002). *See also Jeffery,* 273 F.Supp.2d at 726–27.

**27.** *See* record doc. 70.

**28.** 15 U.S.C. § 2681s–2(a) (2003).

**29.** *Id.* at § 2681s–2(b).

the FCRA does not create a private right of action and (2) the facts do not support a claim under § 1681s–2(b). For their part, the Colleys have not specified the statutory provision of the FCRA from which their private right of action arises. This court notes that it is undisputed by the parties that § 1681s–2(a) of the FCRA does not create a private right of action. Indeed, courts have consistently held that, although § 1681s–2(a) creates an affirmative obligation to refrain from reporting inaccurate information, § 1681s–2(d) states that subsection (a) "shall be enforced exclusively... by the Federal agencies and officials and the State officials identified in that section."

■■ Thus, the real issue for this court is whether the Colleys have risen an issue of material fact regarding whether First USA breached its duty under § 1681s–2(b) of the FCRA. The statutory language of this section makes clear that the duties created by § 1681s–2(b) do not arise until the furnisher of information receives notice from a consumer reporting agency ("CRA"), pursuant to § 1681i(a)(2), that a consumer is disputing credit information.[30] In this case, the Colleys have not submitted any evidence that any CRA contacted First USA at any time. In fact, the Colleys note in their opposition memorandum that "there is no evidence at this point that First USA ever received notice of the dispute *from a CRA*."[31] Because the facts do not support a claim under § 1681s–2(b), this court does not have to reach the issue of whether a cause of action actually exists under that section.[32]

**30.** *See* 15 U.S.C. § 1681s–2(b).

**31.** Opposition Memorandum p. 3 (emphasis original).

**32.** *See Young v. Equifax Credit Info. Services, Inc.*, 294 F.3d 631, 639 (5th Cir.2002) (refus-

### Conclusion

Accordingly, First USA's motion for partial summary judgment (doc. 80) is **GRANTED.**

ing to decide whether § 1681s–2(b) gives rise to a private cause of action because Young did not produce facts that would support such a claim).