DECISION
The matter is presently before the Court on Defendant Capital One Financial Corporation's Motion to Dismiss Counts I and III of Plaintiff Sonia L. Wilson's Complaint for failure to state a claim upon which relief maybe granted, pursuant to Rule 12(b)(6) of the Rhode Island Rules of Civil Procedure. Specifically, Defendant argues Plaintiff's claims are "preempted" by federal law. Plaintiff filed her objection to Defendants' motion.
 FACTS AND TRAVEL
In this matter Plaintiff alleges that she maintains a credit card account (credit card) with Defendant. Plaintiff alleged that some unauthorized charges were made by someone using her credit card issued by Defendant. Plaintiff alleged contested the unauthorized charges with a representative of Defendant and claims she was advised by Defendant's representative that she (Plaintiff) would not be held responsible for payment of the unauthorized charges. Plaintiff did not pay the amount in dispute. Sometime thereafter Plaintiff alleges defendant "knowingly . . . falsely" reported the amount owed to various credit reporting agencies.
In her complaint, Plaintiff alleges the information provided to the credit reporting agencies caused her to be denied a loan and to suffer damages. Plaintiff brought this action *Page 2 
alleging the following claims: "defamation and libel' (Count 1), "breach of contract" (Count II), and "tortuous (sic) interference with contractual relations" (Count III).
Defendant did not file its answer to Plaintiff's complaint. Instead Defendant, pursuant to Super. R. Civ. P. 12(b)(6), filed its Motion to Dismiss Counts I and III, accompanied by its Memorandum in Support. Plaintiff filed her objection to Defendant's Motion to Dismiss, together with her Memorandum in Support of her objection.
 STANDARD OF REVIEW
"The sole function of a motion to dismiss is to test the sufficiency of the complaint." Rhode Island Employment Security Alliance, Local 401,S.E.I.U., AFL-CIO v. State Department of Employment and Training,788 A.2d 465, 467 (R.I. 2002) (quoting Rhode Island Affiliate ACLU v.Bernasconi, 557 A.2d 1232 (R.I. 1989)). Defendant must meet a difficult standard to persuade the court to grant a motion to dismiss.Pellegrino v. Rhode Island Ethics Commission, 788 A.2d 1119, 1123 (R.I. 2002). In reviewing a motion to dismiss, the trial justice looks only to the complaint, considers all allegations raised in the complaint as true, and resolves any doubts in favor of the non-moving party.Id. "The motion may then only be granted if it `appears beyond a reasonable doubt that a [non-movant] would not be entitled to relief under any conceivable set of facts.'" Toste Farm Corp. v. Hadbury,Inc., 798 A.2d 901, 905 (R.I. 2002) (quoting Estate of Sherman v.Almeida, 747 A.2d 470, 473 (R.I. 2000)).
At this stage of these proceedings, the Court must consider if the following allegations stated in Plaintiff's complaint are true. First, that she advised Defendant about the unauthorized use of her credit card; second, that she was told by an agent, servant or employee of Defendant that she would not be responsible for the unauthorized charges; third, that she was later held responsible for the charges and; lastly, that subsequently Defendant knowingly falsely reported to credit bureaus . . . that Plaintiff had failed to pay a debt Defendant was owed. In their *Page 3 
Memorandum in Support, Defendant states "[s]uch allegations are regulated by the Fair Credit Reporting Act ("FCRA") see15 U.S.C. § 1681, et seq.". The FCRA § 1681s-2 requires "furnishers of information" to credit reporting agencies to provide accurate information, and to investigate and correct any inaccurate information which was provided after receiving notice of dispute.
Starting from the above framework, this Curt must attempt to reconcile conflicting approaches taken by courts which have analyzed provisions of the FCRA. Section 1681h(e) of FCRA provides:
 Except as provided in sections 616 and 617 [15 USC §§ 1681n and 1681o], no consumer may bring any action or proceeding in the nature of defamation, invasion of privacy, or negligence with respect to the reporting of information against any consumer reporting agency, any user of information, or any person who furnishes information to a consumer reporting agency, based on information disclosed pursuant to section 609, 610, or 615 [15 USC § 1681g, 1681h, or 1681m], or based on information disclosed by a user of a consumer report to or for a consumer against whom the user has taken adverse action, based in whole or in part on the report[,]except as to false information furnished with malice or intent to injure such customer.
Some courts have ruled this provision provides qualified immunity for someone, like the Defendant here, against state common law claims, allowing only those counts that allege willful or malicious intent to injure.
FCRA § 1681t(b)(1)(F), added in 1996, provides:
 No requirement or prohibition may be imposed under the laws of any State . . . with respect to any subject matter regulated under . . . Section 1681s-2, relating to the responsibilities of person who furnish information to consumer reporting agencies, except that this paragraph shall not apply [with respect to the Massachusetts and California consumer protection statutes]. *Page 4 
This provision has sometimes been called the "absolute immunity provision" because, if applicable, it bars any state law claims based on conduct governed by § 1681s-2. Leet v. Cellco P'Ship,480 F. Supp. 2d 422, 429 (D. Mass. 2007).
One approach used to resolve the conflict in the application between § 1681t(b)(1)(F) and § 1681h(e) is the so-called "Total Preemption" approach. Under this approach is that the earlier iteration (§ 1681h(e)) was subsumed by the latter (Section 1681t(b)(1)(F)). See,e.g., Roybal v. Equifax, 405 F. Supp. 2d 1177 (E.D. Cal. 2005);Hasvold v. First USA Bank, N.A., 194 F. Supp. 2d 1228, 1238-39 (D. Wyo. 2002). If this approach is adopted Defendant's motion must be granted because for Plaintiff's common-law tort claims to survive, they must do so under § 1681h(e).
A number of courts have rejected the "total preemption" approach and in doing so noted that Congress left § 1681h(e) in place when, in 1996, it added § 1681t(b)(1)(F). See, e.g., Torrance v. Firstar,529 F. Supp. 2d 836, 841 (S.D. Ohio 2007); Vazquez-Garcia v. Trans Union De PuertoRico, 222 F. Supp. 2d 150 (D.P.R. 2002). Additionally, to say that § 1681h(e) is totally subsumed by § 1681t(b)(1)(F) would render the former provision useless. That result would conflict with an established rule of statutory construction — a rule applied to Rhode Island law — which presumes that a legislature intends no words of a statue to be superfluous. See Rossi v. Employees' Retirement System of the State ofRhode Island 895 A.2d 106, 112-13 (R.I. 2006). Moreover, the Rhode Island Supreme Court has adhered to the principle that "repeals by implication are not favored." Horn v. S. Union Co., 927 A.2d 292, 296
(R.I. 2007). This Court opines that to accept the "total preemption" approach given the legal landscape in Rhode Island would conflict with the rules of statutory construction applied by the Rhode Island Supreme Court. This Court is unwilling to apply the "total preemption" in this matter. *Page 5 
The "majority" or "temporal" approach, advocated by Plaintiff, provides that § 1681t(b)(1)(F) preempts state law claims which "relate to conduct occurring after the furnisher received notice of a dispute as to the accuracy of information." Torrance, 529 F. Supp. 2d at 842. Section 1681h(e), on the other hand, preempts state law claims relating to conduct that arose before a furnisher received notice of a dispute unless the claim alleges malicious or willful intent to injure.Id.
The rationale for this approach is that § 1681t(b)(1)(F) provides, "absolute immunity `with respect to any matter regulated by § 1681s-2 [which] relat[es] to the responsibilities who furnish information to consumer reporting agencies.'" Riley v. General Motors AcceptanceCorp., 226 F. Supp. 2d 1316, 1325 (S.D. Ala. 2002). Because § 1681s-2 contains provisions for notice to the furnisher of information in the event the consumer disputes a credit report, these courts have determined that § 1681t(b)(1)(F) applies only for conduct occurring after such notice is received. See Vazquez, 222 F. Supp. 2d at 154-55. Section 1681h(e), however, is not qualified by § 1681s-2 leading many courts to conclude that this section applies only to claims brought before a furnisher of information received notice of a dispute, but only when those claims allege malicious or willful intent to injure.See id.; Aklagi v.Nationscredit Financial, 196 F. Supp. 2d 1186, 1193-95
(D. Kan. 2002).
The "temporal" approach allows a court to apply both provision and, therefore, avoid violating the principle of statutory construction that no language of a statute be rendered superfluous. The "temporal" approach has been subject to criticism from courts which have adopted the "statutory" approach. For instance, some courts have held that because § 1681s-2(a)(1)(A) "`charges furnishers of information with a duty to report accurate information regardless of whether the furnisher has notice of the dispute . . . the argument that § 1681s-S *Page 6 
applies only after the furnisher of information receives notice of the dispute must fail.'" See Jeffery v. Trans Union, LLC,273 F. Supp. 2d 725, 727 (E.D. Va. 2003) (quoting Gordon v. Greenpoint Credit,266 F. Supp. 2d 1007, 1012-13 (S.D. Iowa 2003)). Additionally, these courts argue that the "temporal" preemption approach ignores the principle of statutory construction that a specific statute is given precedence over a general statute which involves the same subject matter. See id. In a different context, the Rhode Island Supreme Court recently reaffirmed this same principle of statutory construction. See Warwick Hous. Auth.v. McLeod, 913 A.2d 1033, 1036-37 (R.I. 2007). Section 1681h(e) is the more specific provision because it preempts only common-law torts claims, with the exception of those that are malicious or willful; thus, § 1681t(b)(1)(F) must yield.
Another criticism is, that if § 1681h(e), which provides qualified immunity to furnishers of information unless they have acted maliciously, applies only before notice of the falsity of the information is received, a malicious infringer is given greater protection after receiving notice because § 1681t(b)(1)(F) — which applies after notice — provides absolute immunity. See Islam v. OptionOne Mortgage Corp., 432 F. Supp. 2d 181, 192 (D. Mass. 2006) (citingBarnhill v. Bank of Am., 378 F. Supp. 2d 696, 702-03 (D. S.C. 2005)).
Plaintiff argues, should this Court be unwilling to accept the "temporal" preemption approach, alternatively this Court should apply the "statutory" preemption approach. In adopting this approach, some courts have held that § 1681h(e) is applicable to state law claims that can be classified as torts, while § 1681t(b)(1)(F) applies only to state statutory regulation of credit reporting. See Barnhill,378 F. Supp. 2d at 703. The rationale is that § 1681h(e), which limits itself to state law claims "in the nature of defamation, invasion of privacy, and negligence" is a non-exclusive list of common-law tort claims ("in thenature of"). Section 1681t(b)(1)(F), on the *Page 7 
other hand, applies only to state statutory law: it includes no reference to common law and excepts from its application two state statutes (the Massachusetts and California Consumer Protections Acts). Further, the language of § 1681t(b) provides that "[no requirement or prohibition may be imposed under the laws of any State" and other sections refer to "any state law in effect on the date of enactment."See §§ 1681t(b)(1)(B), 1681 t(b)(1)(E). A persuasive explanation for § 1681t(b)(1)(F)'s omission of reference to the common law is that Congress, knowing §§ 1681h(e) already addressed common law claims, saw no need to mention them again when it added § 1681t(b)(1)(F), SeeBarnhill, 378 F. Supp. 2d at 703.
If, as suggested by Plaintiff, this Court adopts this "statutory" preemption approach should and it declines to follow the "temporal approach," Defendant's motion to dismiss must be denied because § 1681h(e) applies, as Counts I and II are common law causes of action. Further, because Plaintiff alleges malice and willful intent in her defamation and tortious interference with contractual relations claims, these claims would meet the exception for such conduct provided in § 1681h(e).
However, as Defendant argues, some courts have offered an analysis of the "statutory" preemption approach beyond that just stated. InIslam v. Option One Mortgage Corp., 432 F. Supp. 2d 181, 193-94
(D. Mass. 2006), the court held that § 1681h(e) and § 1681t(b)(1)(F) are generally not in conflict — except for some "narrow instances."Id. at 193. Moreover, the court held, § 1681h(e) is not a preemption provision, but "`a quid pro quo grant of protection for statutorily required disclosures.'" Id. (quoting McAnly v. Middleton Reutlinger,P.S.C., 77 F. Supp. 2d 810, 814 (W.D. Ky. 1999)). In other words, § 1681h(e) "`suggests not that Congress has limited actions brought in all areas regulated by the FCRA but that defendants will have *Page 8 
qualified immunity from actions based on information disclosed pursuant to certain provisions . . . of the FCRA.'" Id.
These "certain provisions" are those mentioned in § 1681h(e) itself: §§ 1681g, 1681h, and 1681m.[1] Because §§ 1681g and 1681h "deal with the disclosure of information by credit reporting agencies" and § 1681m and the remainder of § 1681h(e) "deal with disclosure of information by users of information who then take adverse action against consumers based on that information,"§ 1681h(e) would not apply to a defendant categorized only as a "furnisher of information." Id. at 194. Here, like the defendant in Islam, Defendant is not a credit reporting agency, Plaintiff has not alleged that Defendant has taken "adverse action" against her based on her credit report, and Plaintiff has not sued Defendant in its capacity as a user of credit reports, if it has such a capacity. See id. Thus, under this analysis § 1681t(b)(1)(F), not § 1681h(e) would apply.
Accordingly, this extended analysis of the "statutory" preemption approach finds that the two provisions at issue are not in conflict. Although there may be "narrow instances" where a conflict may exist, proponents of this analysis believe that most situations — like the dispute at issue herein — do not put the two provisions in conflict.See also Leet v. Cellco P'Ship, 480 F. Supp. 2d 422 (D. Mass. 2007) (applying the rationale of the Islam Court).
In consideration of the three approaches presented, the "statutory" preemption approach, as presented by the Islam Court, is the most persuasive to this Court because it follows accepted principles of statutory construction. First, it does not allow for repeal by implication as does the "total" preemption approach; second, it does not allow the more general provision (§ *Page 9 
1681t(b)(1)(F)) to control the more specific provision(§ 1681h(e)), as does the "temporal" approach. Thirdly, it does not, unlike the "temporal" approach, allow malicious conduct absolute immunity merely because the perpetrator had received notice.
 CONCLUSION
For all of the above reasons, Defendant's Motion to Dismiss is Denied. Counsel for the prevailing party shall prepare an Order consistent with this Decision.
[1] The statutory language provides that § 1681h(e) is not implicated unless the cause of action is "based on information disclosed pursuant to section [1681g, 1681h, or 1681m], or based on information disclosed by a user of a consumer report to or for a consumer against whom the user has taken adverse action, based in whole or in part on the report. . . ." *Page 1