**In re HAMILTON ALLIED
CORPORATION, Debtor.**

**HAMILTON ALLIED
CORPORATION, Plaintiff,**

v.

**KERKAU MANUFACTURING
CO., Defendant.**

Bankruptcy No. 3–85–01302.
Adv. No. 3–87–0008.

United States Bankruptcy Court,
S.D. Ohio, W.D.

May 12, 1988.

James M. Matthews, Indianapolis, Ind., for plaintiff.

Thomas R. Noland, Dayton, Ohio, for defendant.

DECISION AND ORDER DENYING DEFENDANT'S MOTION "REGARDING SUBJECT MATTER JURISDICTION AND CHANGE OF VENUE REQUEST"

WILLIAM A. CLARK, Bankruptcy Judge.

## FACTS

On January 16, 1987 Hamilton Allied Corporation (Plaintiff–Debtor) filed an adversary proceeding against defendant Kerkau Manufacturing Co. for an "Order Directing Kerkau Manufacturing to Show Cause Why It Should Not Be Held in Contempt of Court." Essentially the complaint alleges the following:

1) Prior to Plaintiff's filing a chapter 11 petition on June 27, 1985, defendant was indebted to plaintiff in the amount of $67,-755;

2) Plaintiff and defendant continued their business relationship following plaintiff's petition in bankruptcy, during which time defendant purchased raw castings from plaintiff and was billed in the amount of $243,416;

3) After payments and credits there remains a current balance of $74,650 due and owing to plaintiff from defendant;

4) Defendant has refused to pay the balance to debtor and has offset plaintiff's prepetition debt against the plaintiff's postpetition account receivable claim due from defendant;

5) The prepetition debt was discharged pursuant to Section 1141(d)(1)(A) of the Bankruptcy Code upon confirmation of plaintiff's chapter 11 plan on December 30, 1985 and defendant's offset violates Sections 1141(d)(1)(A) and 524(a)(2) of the Bankruptcy Code.

Plaintiff requests the court to enter an order directing defendant to show cause why it should not be held in contempt for violation of the injunction of Section 524(a)(2) and, in the event defendant fails to make such a showing, plaintiff requests an order requiring defendant to pay its postpetition debt to plaintiff.

In its answer defendant admits that it exercised the right of setoff but asserts that the plan of reorganization did not prohibit the exercise of setoff rights in existence at the time plaintiff filed its petition in bankruptcy. Defendant also asserts the following:

1) That plaintiff induced defendant by false representations to forbear from any setoff prior to confirmation, promising such setoff would be recognized by plaintiff;

2) That defendant exercised a right of recoupment prior to plan confirmation;

3) That plaintiff's actions in securing the release of its inventory from the possession of defendant post-petition caused a post-petition right of setoff against the postpetition account receivable claim of plaintiff.

Presently before the court is a motion of defendant requesting the court to—

1) dismiss the complaint for lack of jurisdiction, or

2) abstain from the deciding the complaint under the abstention provisions of the Bankruptcy Code, or

3) determine that proper venue for the adversary proceeding is in Michigan.

## CONCLUSIONS OF LAW

One of the consequences of confirmation of a chapter 11 plan is that a debtor is generally discharged from any debts arising prior to the date of confirmation of the plan. 11 U.S.C. § 1141(d). In order to give complete effect to the discharge, Congress has provided that a discharge "operates as an injunction against the commencement or continuation of an action, the employment of process, or an act, to collect, recover or offset any such debt as a personal liability of the debtor, whether or not discharge of such debt is waived." 11 U.S.C. § 524(a)(2). Plaintiff has alleged that defendant violated this injunctive provision of the Bankruptcy Code by exercising a post-petition setoff. Defendant admits in its amended answer that it exercised a setoff, but asserts several defenses in support of its action.

Implicit in defendant's motion is the assumption that plaintiff's complaint is essentially for the recovery of a postpetition account receivable. Although there is certainly a large degree of subjectivity involved in the characterization of plaintiff's adversary proceeding, it must be observed at the outset that this court does not concur in defendant's assumption, but views plaintiff's complaint as predominantly concerned with the question of a violation of the permanent injunction of Section 524. Plaintiff's complaint requests the court to order defendant to pay its postpetition debt to plaintiff *in the event defendant fails to show it is not in contempt of court* for violating the injunctive provisions of Section 524. The pleadings do not give the appearance of dealing with an independent cause of action for recovery of an account receivable. Although plaintiff's memorandum of law appears inconsistent with the pleadings in this regard, the court views the complaint, as drafted, as one for contempt and in the event contempt is found as requesting that defendant pay the postpetition account receivable as a means or purging itself of contempt.

The court is not unmindful that a potential for abuse exists in this area, e.g., a debtor could disguise an action for recovery of a postpetition claim as a contempt proceeding in order to ensure that jurisdiction and venue would lie in this court. However, given that defendant has admitted the occurrence of a setoff, that the setoff amount and the alleged balance of the account receivable are relatively close in amount, and that the determination of the amount of the account receivable appears subordinate to the issue of contempt, the court does not perceive plaintiff's complaint for violation of contempt as a concealed action for recovery of an account receivable.

### Jurisdiction

Most of defendant's assertions regarding jurisdiction focus on the court's jurisdiction over postpetition and postconfirmation accounts receivables. Because this court views plaintiff's complaint as primarily one for contempt and the account receivable issue as an auxiliary determination, the court will not decide the nature of bankruptcy jurisdiction in the case of an action filed solely to collect a postpetition account receivable.[1] Nevertheless, with respect to jurisdiction, it must be determined what contempt powers are possessed by this court. At the present time there is disagreement concerning the contempt powers of bankruptcy courts. It is this court's conclusion that a bankruptcy court possesses the power to punish for civil contempt when the permanent injunction of 11 U.S.C. § 524 has been violated. In reaching this result, the court is persuaded by the reasoning contained in the recent case of *Miller v. Mayer (In re Miller)*, 81 B.R. 669 (Bankr.M.D.Fla.1988), and respectively declines to adopt the analysis and holding of the Ninth Circuit Court of Appeals in *In re Sequoia Auto Brokers, Ltd., Inc.*, 827 F.2d 1281 (1987). Even if it is assumed that the *Sequoia* court is correct in its determination that bankruptcy courts, unlike Art. III courts, do not possess the inherent power to punish for contempt, as pointed out in *Miller* there are at least three sources of authority to support a finding of jurisdiction for bankruptcy courts in matters of contempt:

1) Section 105 of the Bankruptcy Code provides that "[t]he court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title." 11 U.S.C. § 105(a);

2) Congress clearly regarded the granting or denial of a discharge as a "core" proceeding to be adjudicated by a bankruptcy judge. See 28 U.S.C. § 157(b)(2)(I) and (J). Given that intention, Congress "could not possibly have intended, as intimated by *Sequoia*, that the enforcement of the provisions of the discharge is a 'non-core' matter and therefore cannot be han-

---

1. Although actions to recover postpetition or postconfirmation accounts receivable are at least "related to" a debtor's bankruptcy case, there is conflicting authority regarding the core or non-core nature of these actions. In an appropriate case it would also be necessary to examine the possibility of abstaining from deciding such matters even though bankruptcy jurisdiction existed.

dled by a bankruptcy judge and must be 'certified' to the district court for disposition." *Miller,* 81 B.R. at 677;

3) The Bankruptcy Rules prescribed by the Supreme Court specifically provide for contempt proceedings before a bankruptcy judge in Bankruptcy Rule 9020.

On the basis of statutory authority and consistent with Congressional intent and rules promulgated by the Supreme Court, the court finds that it has jurisdiction to determine plaintiff's complaint for contempt.

### Venue and Abstention

Defendant also moves for a change of venue under 28 U.S.C. § 1409(d) which provides that:

> (d) A trustee may commence a proceeding arising under title 11 or arising in or related to a case under title 11 based on a claim arising after the commencement of such case from the operation of the business of the debtor only in the district court for the district where a State or Federal court sits in which, under applicable nonbankruptcy venue provisions, an action on such claim may have been brought.

 Although Plaintiff's complaint may appear to involve "a claim arising after the commencement of such case from the operation of the business of the debtor," thereby fulfilling the literal language of Section 1409(d), the court does not believe that the term "claim" as used in bankruptcy encompasses an alleged violation of the injunction of Section 524(a)(2). Section 101(4) of the Bankruptcy Code defines "claim" as—

> (A) right to payment, whether or not such right is reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, legal, equitable, secured, or unsecured; or
>
> (B) right to an equitable remedy for breach of performance if such breach gives rise to a right to payment, whether or not such right to an equitable remedy is reduced to judgment, fixed, contingent, matured, unmatured, disputed, undisputed, secured, or unsecured.

Although the definition was intended by Congress to be broad, plaintiff has no "right to payment" in connection with the contempt allegation, although it may be eligible for an award if contempt is found. Nor does contempt constitute a "breach of performance" as that term is traditionally used.

Further and more importantly, a contempt proceeding is fundamentally and intrinsically connected to the court issuing the order allegedly violated. Because contempt is an affront to the court issuing the order, enforcement of an injunction through a contempt proceeding must occur in the issuing jurisdiction regardless of the state in which the alleged violation of the court order may have occurred. *Waffenschmidt v. MacKay,* 763 F.2d 711, 716 (5th Cir.1985). Accord: *Stiller v. Hardman,* 324 F.2d 626, 628 (2nd Cir.1963).

Defendant's motion for abstention pursuant to 28 U.S.C. § 1334(c)(1) and (c)(2) is subject to the same reasoning. This court is not aware of authority permitting another court to decide whether defendant is in contempt of this court's order.

For the foregoing reasons it is hereby ORDERED that defendant's motion is denied and a pre-trial conference is set for *Wednesday, June 22, 1988 at 10:00 A.M.*