**SAINT TORRANCE, aka Torrance Smith, Plaintiff(s),**

v.

**FIRSTAR, d/b/a U.S. Bank, NA, et. al., Defendant(s).**

No. 1:06cv437.

United States District Court, S.D. Ohio, Western Division.

Nov. 30, 2007.

---

Saint Torrance, Cincinnati, OH, Pro se.

Brian E. Chapman, Weltman Weinberg & Reis Co. LPA, Nicole Lashon Sanders, City of Cincinnati, Cincinnati, OH, Boyd W. Gentry, Jeffrey Charles Turner, Surdyk, Dowd & Turner Co., L.P.A., Dayton, OH, for Defendants.

## ORDER

SUSAN J. DLOTT, District Judge.

The Court has reviewed the Report and Recommendations of United States Magistrate Judge Timothy S. Hogan filed on October 19, 2007 (Docs. 43 and 44) and filed on October 26, 2007 (Doc. 46), to whom this case was referred pursuant to 28 U.S.C. § 636(b), and noting that no objections have been filed thereto and that the time for filing such objections under Fed.R.Civ.P. 72(b) expired November 8, 2007, and November 15, 2007 respectively,

hereby ADOPTS said Report and Recommendations.

Accordingly, Defendant's Motion to Dismiss (Doc. 10) is **GRANTED** and Plaintiff's Complaint as it pertains to Defendant U.S. Bank is **DISMISSED.**

Defendant Helvey and Associates' Motion for Summary Judgment (Doc. 15) is **GRANTED** and Plaintiff's Complaint is **DISMISSED** as it pertains to Defendant Helvey and Associates.

The City of Cincinnati's Motion for Judgment on the Pleadings (Doc. 25) is **GRANTED.** Plaintiff's complaint is **DISMISSED** against Defendant Cincinnati Water Works and to the extent Plaintiff's complaint is construed as against the City, Plaintiff's complaint is **DISMISSED** against the City of Cincinnati.

This case is hereby **TERMINATED** from the Court's docket.

IT IS SO ORDERED.

## REPORT AND RECOMMENDATION AND ORDER

TIMOTHY S. HOGAN, United States Magistrate Judge.

This matter is before the Court on Defendant U.S. Bank's Motion to Dismiss (Doc. 10); Plaintiff's Opposition to Defendant's Motion to Dismiss (Doc. 11); Plaintiff's Motion to Leave to Amend Complaint [sic] (Doc. 16); US Bank's Objection to Plaintiff's Motion to Amend Complaint (Doc. 18); and Helvey & Associates' Memorandum in Opposition to Plaintiff's Motion to Amend the Complaint (Doc. 21).

## BACKGROUND

Plaintiff filed this action pro se asserting claims for fraud, libel and slander, "bankruptcy violations," and intentional tort. (Doc. 2, Complaint, ¶¶ 11–14; 15–19; 25–28; 29–31). Plaintiff alleges that he was

the owner and mortgagee of property located at 2521 Rack Court in Cincinnati, Ohio. On January 7, 2002, U.S. Bank's predecessor, Firstar Bank, filed a foreclosure action against Plaintiff with respect to the Rack Court property. (*Id.* at ¶ 4). On June 4, 2002, judgment was entered and an Order of Sale was issued on July 2, 2002. *See Firstar Bank v. Torrance Smith, et. al.* Case No. A0200176 (Ham. Cty.Ct.Com.Pl.2004).[1] Defendant U.S. Bank was the successful bidder at the Sheriff sale on August 29, 2002. On September 13, 2002, a Notice of Bankruptcy was filed in the foreclosure action at which point the state action was stayed. *Id.* A discharge order in the bankruptcy action was issued on January 8, 2003. *In re Smith,* 02–bk–16796 at Doc. 21 (Bankr. S.D.Ohio)(J. Hopkins). On April 17, 2003, the automatic stay in the state foreclosure action was terminated. *Firstar Bank v. Torrance Smith, et. al.* Case No. A0200176. Thereafter, an entry confirming the sale was entered on May 28, 2003. *Id.* On August 5, 2003, an order of possession was issued by the Court on behalf of U.S. Bank against Plaintiff. *Id.* The property was then transferred to U.S. Bank from Plaintiff by Sheriff's deed on May 5, 2004. *Id.*

Plaintiff filed this action on June 6, 2006 in the Court of Common Pleas for Hamilton County, Ohio. (Docs.1, 2). The case was removed to this Court on July 7, 2006. (Doc. 1). Plaintiff contends the Defendants failed to transfer utility bills with respect to the property at 2521 Rack Court from his name and into U.S. Bank's name.

## OPINION

The crux of Plaintiff's claim is that Defendants are unjustly charging Plaintiff for utility bills. Apparently, Plaintiff alleges that Defendant U.S. Bank is to blame for the failure to transfer the property from Plaintiff's name, thereby causing utility bills for said property to remain under Plaintiff's name. Plaintiff brings causes of action in fraud, libel and slander, bankruptcy violations and intentional tort against Defendant U.S. Bank. (Doc. 2, Complaint, ¶¶ 11–14; 15–19; 25–28; 29–31).

*Defendant U.S. Bank's Motion to Dismiss Should Be Granted*

Defendant U.S. Bank contends that Plaintiff has failed to exhaust his administrative remedies and therefore, has failed to state a claim upon which relief may be granted. While couched in terms of failure to state a claim, Defendant's argument is, in reality, premised on lack of subject matter jurisdiction. Under a Rule 12(b)(1) motion to dismiss for lack of subject matter jurisdiction, defendants can attack the complaint's jurisdictional allegations even though they are formally sufficient. *Baker v. Siemens Energy and Automation, Inc.,* 838 F.Supp. 1227, 1229 (S.D.Ohio 1993)(Spiegel, J.). When the Court reviews a factual attack on subject matter jurisdiction, no presumption of truthfulness applies to the factual allegations of the complaint. *United States v. Ritchie,* 15 F.3d 592, 598 (6th Cir.1994). The Court may rely on affidavits or any other evidence properly before it and has wide latitude to collect evidence to determine the issue of subject matter jurisdiction. *Rogers v. Stratton Industries, Inc.,* 798 F.2d 913, 915 (6th Cir.1986). The Court is entitled to resolve factual disputes and is free to weigh the affidavits, documents and other evidentiary matters presented and satisfy itself as to its power to hear the

---

1. The Court takes judicial notice of proceedings in state court from which this case was removed. *See Rodic v. Thistledown Racing Club,* 615 F.2d 736, 738 (6th Cir.1980)(citing *Granader v. Public Bank,* 417 F.2d 75, 82–83 (6th Cir.1969)).

case. *Ritchie*, 15 F.3d at 598. The Court must consider factual issues in a manner that is fair to the nonmoving party. *Rogers*, 798 F.2d at 915. Plaintiff must demonstrate jurisdiction in order to survive the motion. *Moir v. Greater Cleveland Regional Transit Authority*, 895 F.2d 266, 269 (6th Cir.1990). "Whenever it appears by suggestion of the parties or otherwise that the court lacks jurisdiction of the subject matter, the court shall dismiss the action." Fed.R.Civ.P. 12(h)(3).

Ohio Revised Code § 4905.04 grants to the Ohio Public Utilities Commission ("PUCO") the power and jurisdiction to supervise and regulate public utilities. Ohio Revised Code § 4905.26 provides in pertinent part,

> Upon complaint in writing against any public utility by any person, . . . , that any rate, . . . , charge, . . . , or service, . . . , or service rendered, charged, demanded, exacted, or proposed to be rendered, charged, demanded, or exacted, is in any respect unjust, unreasonable, . . . , or in violation of law, or that any regulation, measurement, or practice affecting or relating to any service furnished by the public utility, or in connection with such service, is, . . . , in any respect unreasonable, unjust, . . . , if it appears that reasonable grounds for complaint are stated, the commission shall fix a time for hearing and shall notify complainants and the public utility thereof. Such notice shall be served not less than fifteen days before hearing and shall state the matters complained of. The commission may adjourn such hearing from time to time.

■ "The Commission has exclusive jurisdiction over various matters involving public utilities, such as rates and charges, classifications, and service, effectively denying to all Ohio courts (except [the Ohio Supreme Court]) any jurisdiction over such matters." *State ex. rel., the Illumi-*

*nating Company v. Cuyahoga Court of Common Pleas, et. al.*, 97 Ohio St.3d 69, 776 N.E.2d 92, 96 (2002)(quoting *State ex. rel. Cleveland Elec. Illum. Co. v. Cuyahoga Court of Common Pleas*, 88 Ohio St.3d 447, 727 N.E.2d 900, 903 (2000)). While courts retain limited subject matter jurisdiction over pure common-law tort and certain contract actions involving utilities regulated by the commission, *see e.g. State ex. rel., the Illuminating Company*, 776 N.E.2d at 97, Plaintiff's claim for fraud does not arise under these types of actions. Plaintiff's fraud claim in Count I of his Complaint stems from U.S. Bank's alleged failure to transfer the utility accounts for 2521 Rack Court from Plaintiff's name into Defendant's, thereby causing Plaintiff to be billed in error. In other words, Plaintiff disputes that he is the responsible party on the accounts with Cinergy and Cincinnati Water Works. Such a claim is clearly within the exclusive jurisdiction of PUCO and we are, therefore, without jurisdiction over Plaintiff's fraud claim.

■ Defendant further argues that Plaintiff's claims against Defendant U.S. Bank and the other Defendants are dependent upon whether or not the utility companies are justly seeking payment from him of the debt for utility services on the Rack Court property. Although, as previously noted, the Courts retain limited subject matter jurisdiction over pure common law tort actions involving utilities regulated by the commission, simply " '[c]asting the allegations in the complaint to sound in tort or contract is not sufficient to confer jurisdiction upon a trial court' when the basic claim is one that the commission has exclusive jurisdiction to resolve." *The Illuminating Company*, 776 N.E.2d at 97 (quoting *Higgins v. Columbia Gas of Ohio, Inc.*, 136 Ohio App.3d 198, 736 N.E.2d 92, 95 (2000)). In the present case, Plaintiff's claims against U.S. Bank

are clearly based on his belief that he is being unjustly charged for utility bills with respect to the Rack Court property. Simply put, Plaintiff disputes that he is the responsible party on the accounts with Cinergy and Cincinnati Water Works. Thus, although presented as claims sounding in tort, Plaintiff's claims against Defendant U.S. Bank are, in fact, service related complaints and are within the exclusive jurisdiction of PUCO. Accordingly, for the reasons stated above, we find that Defendant's Motion to Dismiss Counts I, II and V of Plaintiff's Complaint, as it relates to Defendant U.S. Bank, should be granted.

US Bank also argues that Plaintiff's claim for "bankruptcy violations" in Count IV fails to state a claim upon which relief may be granted. Defendant argues that any claim for a discharge injunction should be brought in Bankruptcy Court rather than this Court. In determining a motion to dismiss for failure to state a claim, the allegations in the complaint must be taken as true and construed in the light most favorable to the nonmoving party. *Westlake v. Lucas*, 537 F.2d 857 (6th Cir.1976). The motion to dismiss should not be granted "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45–46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957); *Scheuer v. Rhodes*, 416 U.S. 232, 236, 94 S.Ct. 1683, 40 L.Ed.2d 90 (1974). Although pro se complaints are held to less stringent standards as compared with formal pleadings drafted by attorneys, the Court is not required to fabricate allegations which are not plead. *Estelle v. Gamble*, 429 U.S. 97, 106, 97 S.Ct. 285, 50 L.Ed.2d 251 (1976); *Haines v. Kerner*, 404 U.S. 519, 520, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972); *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir.1979).

More than bare assertions of legal conclusions are required to satisfy federal notice pleading requirements. A complaint must contain "either direct or inferential allegations respecting all the material elements to sustain a recovery under *some* viable legal theory." *Scheid v. Fanny Farmer Candy Shops, Inc.*, 859 F.2d 434, 436 (6th Cir.1988) (quoting *Car Carriers, Inc. v. Ford Motor Co.*, 745 F.2d 1101, 1106 (7th Cir.1984), *cert. denied*, 470 U.S. 1054, 105 S.Ct. 1758, 84 L.Ed.2d 821 (1985) (citations omitted) (emphasis in original)). A complaint will not be dismissed when plaintiff fails to plead facts in support of "every arcane element of his claim," but when a complaint "omits facts that, if they existed, would clearly dominate the case," it is fair to assume that those facts do not exist. *McGregor v. Industrial Excess Landfill, Inc.*, 856 F.2d 39, 43 (6th Cir. 1988) (quoting *O'Brien v. DiGrazia*, 544 F.2d 543, 546 n. 3 (1st Cir.1976), *cert. denied sub nom. O'Brien v. Jordan*, 431 U.S. 914, 97 S.Ct. 2173, 53 L.Ed.2d 223 (1977)).

Plaintiff has alleged that Defendants have violated the discharge injunction by failing to remove his name from the utility accounts for the Rack Court property. However, Plaintiff's Complaint does not allege that U.S. Bank is attempting to *collect* on the alleged debt owed to Cinergy and Cincinnati Water Works. As such, Plaintiff's Complaint fails to state a claim against U.S. Bank for violation of the bankruptcy discharge injunction.

Additionally, it appears that any claims for "bankruptcy violations" should be pursued in the Bankruptcy Court. On October 24, 2005, a General Order Governing Bankruptcy Referral was issued which directs that "all cases under the Bankruptcy Act and Title 11 of the United States Code and all actions, matters or proceedings arising under Title 11 of the United States

Code shall be referred to the Bankruptcy Judges for this Judicial District. . . ." General Order No. 05–02. Accordingly, pursuant to this Court's General Order Governing Bankruptcy Referral, General Order No. 05–02, any claims alleging a violation of the bankruptcy discharge order should be referred to the United States Bankruptcy Court for the Southern District of Ohio. *See Hamilton Allied Corp.,* 87 B.R. 43 (Bankr.S.D.Ohio 1988).

Lastly, Defendant argues that Plaintiff's state law claims should be dismissed because the claims are preempted by federal law. Plaintiff alleges that Defendant U.S. Bank "published false expenses [sic] statements asserting that plaintiff still owed and owned said property in this Complaint." Citing no legal authority, the sum total of Defendant's argument and "analysis" is captured in one sentence: "[a]ny claims for intentional infliction of emotional distress, negligent infliction of emotional distress, fraud, liable, slander and intentional torts are preempted by 15 U.S.C. § 1681(t)[sic]." (Doc. 10). We find Defendant's reliance upon § 1681t to be misplaced.

In 1996, the FCRA was amended to include § 1681t(b)(1)(F), which states that "[n]o requirement or prohibition may be imposed under the laws of any State . . . with respect to any subject matter regulated under . . . section 1681s–2 of this title, relating to the responsibilities of persons who furnish information to consumer reporting agencies, . . . ." 15 U.S.C. § 1681t(b)(1)(F). Section 1681s–2 requires furnishers of information to credit reporting agencies to provide accurate information, and to investigate and correct any inaccurate information which was provided after receiving notice of dispute. 15 U.S.C. § 1681s–2(a), (b).

15 U.S.C. § 1681h(e) was included in the original enactment of the FCRA and states in pertinent part:

no consumer may bring any action or proceeding in the nature of defamation, invasion of privacy, or negligence with respect to . . . any person who furnishes information to a consumer reporting agency, . . . except as to false information furnished with malice or willful intent to injure such consumer.

15 U.S.C. § 1681h(e).

Because § 1681t(b)(1)(F) makes *no* reference to § 1681h(e), there has arisen four distinct and conflicting interpretive approaches attempting to harmonize the two provisions. It bears noting that no circuit court has reviewed or adopted any of these interpretive approaches. *See Wolfe v. MBNA America Bank,* 485 F.Supp.2d 874, 883 (W.D.Tenn. April 25, 2007) (citing *Stafford v. Cross Country Bank,* 262 F.Supp.2d 776, 784 (W.D.Ky.2003)).

The first and broadest approach assumes that § 1681 t(b)(1)(F) completely subsumes § 1681h(e). *Jaramillo v. Experian Info. Solutions, Inc.,* 155 F.Supp.2d 356 (E.D.Pa.2001). This approach has been rejected by other courts because it renders § 1681h(e) useless and because Congress left § 1681h(e) in place when it added § 1681t(b)(1)(F). *Wolfe,* 485 F.Supp.2d at 883–84; *Stafford ·v. Cross Country Bank,* 262 F.Supp.2d 776 (W.D.Ky.2003)(citing *TRW Inc. v. Andrews,* 534 U.S. 19, 31, 122 S.Ct. 441, 151 L.Ed.2d 339(2001))("a statute ought, upon the whole, to be so construed that, if it can be prevented, no clause, sentence, or word shall be superfluous, void or insignificant."); *Tenn. Valley Auth. v. Hill,* 437 U.S. 153, 190, 98 S.Ct. 2279, 57 L.Ed.2d 117 (1978)("In the absence of some affirmative showing of an intention to repeal, the only permissible justification for a repeal by implication is when the earlier and later statutes are irreconcilable").

The second approach applies a temporal method in attempting to harmonize the

842

preemption provisions. Under this approach, courts have held that § 1681 t(b)(1)(F) only preempts those state law claims which relate to conduct occurring after the furnisher received notice of a dispute as to the accuracy of the information. *Stafford,* 262 F.Supp.2d at 787. Furthermore, courts applying this approach have held that § 1681h(e) only preempts state law claims relating to conduct that arose before a furnisher received notice of a dispute unless the claim alleges that the furnisher acted maliciously or with a willful intent to injure. *Id.; see* 15 U.S.C. § 1681h(e). Viewing this approach as circular and in direct conflict with the statutory language, some courts have rejected the "temporal approach." *Wolfe,* 485 F.Supp.2d at 885; *McCloud v. Homeside Lending,* 309 F.Supp.2d 1335, 1342(N.D.Ala.2004); *Gordon v. Greenpoint Credit,* 266 F.Supp.2d 1007, 1012–13 (S.D.Iowa 2003); *Jeffrey v. Trans Union, LLC,* 273 F.Supp.2d 725, 727–28 (E.D.Va. 2003).

Under the third approach, the district court for the Middle District of Tennessee held that "[a]ll state law claims that do not allege willfulness are preempted by § 1681h(e), and any surviving claims alleging willfulness are preempted under § 1681 t(b)(1)(F) if they involve a subject-matter regulated under § 1681s–2." *Westbrooks v. Fifth Third Bank,* No. 3:05–0664, 2005 WL 3240614 at *6 (M.D.Tenn. Nov. 30, 2005)(citing *TRW Inc. v. Andrews,* 534

**2.** 15 U.S.C. § 16811 specifically provides that:

No requirement or prohibition *may* be imposed under the Jaws of any State—(1) with respect to any subject matter regulated under—
. . . .
(F) section 1681s–2 of this title, relating to the responsibilities of persons who furnish information to consumer reporting agencies, except that this paragraph shall not apply—

U.S. 19, 31, 122 S.Ct. 441, 151 L.Ed.2d 339 (2001)). However, as pointed out in *Wolfe,* this approach directly conflicts with the express language of § 1681h(e), namely that "no consumer may bring any action or proceeding *in the nature of defamation, invasion of privacy, or negligence . . . .*" by including all state claims. 285 F.Supp.2d at 885. We, too, find this interpretation to be too broad.

The fourth "statutory approach," which the *Wolfe* court adopted, and ultimately, this Court adopts, was set forth adopted by the Northern District Court of Alabama in *McCloud v. Homeside Lending,* 309 F.Supp.2d 1335, 1341 (N.D.Ala.2004). In *McCloud,* the court noted that courts applying this approach look to the express language of § 1681h(e) which specifically limits the provision to state law claims "in the nature of defamation, invasion of privacy, or negligence." *Id.* at 1341; 15 U.S.C. § 1681h(e). The court concluded from this language, that Congress intended that § 1681h(e) be applicable only to state law claims that "may be classified as 'torts'" *Id.* On the other hand, the court found that § 1681 t(b)(1)(F) appeared to deal with state statutory regulation of credit reporting, as evidenced by the two state statutes expressly excluded from § 1681 t(b)(1)(F).[2]

The *McCloud* court also based its conclusion on the fact § 1681 t(b)(1)(F) is a general preemption provision:

(i) with respect to section 54A(a) of chapter 93 of the Massachusetts Annotated Laws (as in effect on September 30, 1996); or
(ii) with respect to section 1785.25(a) of the California Civil Code (as in effect on September 30, 1996); Section 1681t(b)(1)(F) specifically excludes from its coverage "section 54(a) of chapter 93 of the Massachusetts Annotated Laws (as in effect on September 30, 1996)" and "section 1785.25(a) of the California Civil Code (as in effect on September 30, 1996)."
15 U.S.C. § 1681t(b)(1)(F).

Yet, another rationalization for the conclusion that § 1681t(b)(1)(F) cannot preempt all state law claims, including state common law tort claims, is that this section is a general preemption provision. In contrast, § 1681h(e) contains a more specific preemption clause (*i.e.* "Any action or proceeding in the nature of defamation, invasion of privacy, or negligence"). When a specific statute carves out an exception to a general statute, the "specific statute will not be controlled or nullified by [the] general one, regardless of the priority of enactment."

*Id.* (quoting *Morton v. Mancari,* 417 U.S. 535, 550–51, 94 S.Ct. 2474, 41 L.Ed.2d 290 (1974)) (emphasis in original).Thus, the court concluded that § 1681h(e) only applies to torts, while § 1681t(b)(1)(F) applies only to state statutory regulations of credit reporting. *Id.* (citing *Carlson v. Trans Union, LLC,* 259 F.Supp.2d 517, 521 (N.D.Tex.2003)); *see also Jeffery,* 273 F.Supp.2d 725; *Gordon,* 266 F.Supp.2d 1007. A Michigan appellate court likewise limited the preemptive scope of § 1681t(b)(1)(F) to state statutory claims stating that:

> The conclusion that § 1681t(b)(1)(F) only applies to state statutory laws is buttressed by the fact that § 1681t(d)(2) provides that subsection[ ](b) does not apply "to *any provision of State law* (including any provision of a State constitution) that—(A) is *enacted* after January 1, 2004; (B) states explicitly that the provision is intended to supplement this subchapter; and (c) gives greater protection to consumers than is provided under this subchapter." (Emphasis added). Furthermore, § 1681t(a) explicitly states that "this subchapter does not annul, alter, affect, or exempt any person subject to the provisions of this subchapter *from complying with the law of any State ....*" Based on the clear language of § 1681t(a) and

§ 1681t(b)(1)(F), this Court holds that § 1681 t(b)(1)(F) only preempts causes of actions relating to the subject-matter of § 1681s–2 brought pursuant to state statutory laws.

*Nelski v. Ameritech,* No. 244644, 2004 WL 1460001 at *6 (Mich.Ct.App. June 29, 2004)(emphasis in original).

■ We find that the statutory approach provides the most rational interpretation of § 1681h(e) and § 1681t(b)(1)(F)— an interpretation that has found support in numerous district court decisions. *See, e.g., DiPrinzio v. MBNA Am. Bank,* No. 04–872, 2005 WL 2039175, at *6 (E.D.Pa. Aug. 24, 2005)("Read alone, section 1681h(e) strongly suggests application only to state common law torts. When read alongside section 1681t(b)(1)(F) however, the symmetry is clear: section 1681h(e) applies to state common law and section 1681t(b)(1)(F) applies to state statutes."). We, therefore, adopt this "statutory approach" and hold that any state common law *tort* claims relating to the furnishing of credit information should be analyzed under § 1681h(e) and any state statutory claims relating to the furnishing of credit information should be analyzed under § 1681t(b)(1)(F). Thus, Plaintiff's state law claims are not preempted by § 1681t and we find that § 1681h(e) controls.

In Plaintiff's Complaint, he alleges that Defendant U.S. Bank "published false expenses [sic] statements asserting that plaintiff still owed and owned said property in this Complaint." (Doc. 2, at ¶ 16). Plaintiff contends that Defendant "knew these statements to be false when made" and that the statements were published "in bad faith and retaliation to this Post–Petition Bankruptcy." (*Id.* at ¶¶ 17, 18). Section 1681h(e) preempts any state common law tort claim "with respect to ... any person who furnishes information to a consumer reporting agency, ... *except as to*

*false information furnished with malice or willful intent to injure such consumer."* 15 U.S.C. § 1681h(e)(emphasis added). There is no definition of "malice" contained within § 1681h(e), however, most courts have adopted the meaning of the term in a defamation context when applying § 1681h(e). Information is therefore "furnished with malice" when the furnisher "either knows [the information] is false or ... the [furnisher] acts in reckless disregard of its truth or falsity." *Wolfe,* 485 F.Supp.2d at 888(quoting *DiPrinzio,* 2005 WL 2039175, at *5); *see also New York Times v. Sullivan,* 376 U.S. 254, 280, 84 S.Ct. 710, 11 L.Ed.2d 686 (1964). "Willful intent to injure" is likewise, not defined in § 1681h(e), but most courts define it "as requiring a showing that the defendant 'knowingly and intentionally committed an act in conscious disregard for the rights of others.'" *Id.* (quoting *Stafford v. Cross Country Bank,* 262 F.Supp.2d 776, 778 (W.D.Ky.2003)). Because Plaintiffs Complaint specifically alleges that Defendant "knew these statements to be false when made," we find that Plaintiff has sufficiently alleged that Defendant maliciously made defamatory statements about Plaintiff to credit reporting agencies.[3] As such, § 1681h(e)'s heightened *mens rea* requirement has been met, Plaintiff's slander and libel claim is not preempted by § 1681h(e).

To the extent Plaintiff alleges a claim for intentional infliction of emotional distress in Count V of his Complaint, we find that Plaintiff has once again sufficiently alleged that Defendant acted with malice. Plaintiffs Complaint specifically states that

"[a]s result of defendants intent to cause harm to Plaintiff ... shows intent to cause mental anguish and other harm...." (Doc. 2 at ¶ 31). As such, Plaintiff's allegation of intentional infliction of emotional distress meets § 1681h(e)'s *mens rea* requirement and is not preempted under § 1681h(e).[4]

Because Plaintiff's fraud claim does not relate to the furnishing of credit information, § 1681h(e) is not applicable.

Although we find that Plaintiff's state law claims in Counts II and V are not preempted by § 1681h(e), Plaintiff's claims against U.S. Bank should, nonetheless, be dismissed as falling under the exclusive jurisdiction of PUCO, as set forth above, *supra* at pp 838–40.

*Plaintiff's Motion for Leave Court to Amend Complaint is DENIED.*

Plaintiff's request for leave to amend his Complaint "is solely based on a conspiracy claim which can be proved by a little thing call [sic] discovery being properly had to demonstrate the four element to prove such a claim." (Doc. 15). Plaintiff also seeks to add Duke Energy as a Defendant in this action.

The granting or denial of a motion to amend pursuant to Fed.R.Civ.P. 15(a) is within the discretion of the trial court. Leave to amend a complaint should be liberally granted. The Court may deny the motion to amend where the complaint, as amended, could not withstand a motion to dismiss. *Matthews v. Jones,* 35 F.3d 1046, 1050 (6th Cir.1994); *Thiokol Corp. v. Dept. of Treasury,* 987 F.2d 376, 383 (6th

---

**3.** Although Plaintiff does not specifically allege to whom the statements were made, we can infer, from Plaintiff's Complaint, that he is claiming that information was *communicated to* credit reporting agencies, thus adversely affecting his ability to obtain credit. (*See* Doc. 2, at ¶ 19).

**4.** While Defendant includes negligent inflietion of emotional distress in his preemption argument, we find no allegations of negligent conduct of any kind within the allegations of Plaintiff's Complaint. Indeed, negligent conduct, by its very nature, could not meet the heightened *mens rea* requirement of § 1681h(e) and would be preempted by such provision. *Wolfe,* 485 F.Supp.2d at 887.

Cir.1993); *Neighborhood Development Corp. v. Advisory Council on Historic Preservation, Department of Housing and Urban Development, City of Louisville,* 632 F.2d 21, 23 (6th Cir.1980). The Court should also consider factors such as undue delay, bad faith or dilatory motive on the part of the movant, the repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, and futility of amendment. *Brooks v. Celeste,* 39 F.3d 125, 130 (6th Cir.1994). Leave to amend the complaint to add a new party should be denied where substantial prejudice would result to the opposing parties. *See Foman v. Davis,* 371 U.S. 178, 182, 83 S.Ct. 227, 9 L.Ed.2d 222 (1962); *Janikowski v. Bendix Corp.,* 823 F.2d 945, 951–52 (6th Cir.1987).

Because Plaintiff's amended complaint could not withstand a motion to dismiss, Plaintiff's Motion for Leave to Amend Complaint (Doc. 16) is denied. Plaintiff's proposed Amended Complaint is vague, convoluted and, in many parts, nonsensical. Plaintiff's conspiracy claim, the purported sole purpose of Plaintiffs Amended Complaint, states that,

> Defendants action for Duties to Hire for Injury shows their abuse of their Monopoly muscle against this Plaintiff and the disregard to the law already intact for everyone to follow regardless of who got more money than who.
>
> You will see four Defendant relationship similar and the same to plaintiff Bankruptcy Violation plus their accessories to Injury were of four monopoly players on this board. The Defendants had all in common, monies lost, vengeance on their minds, Cause & effect theory to commit a civil crime of hatred ...

(Doc. 16, Proposed Amended Complaint at ¶¶ 45, 46). Plaintiffs proposed Amended Complaint contains no "direct or inferential allegations respecting all the material elements" to support a claim for conspiracy. *See Scheid v. Fanny Farmer Candy Shops, Inc.,* 859 F.2d 434, 436 (6th Cir. 1988) (quoting *Car Carriers, Inc. v. Ford Motor Co.,* 745 F.2d 1101, 1106 (7th Cir. 1984), *cert. denied,* 470 U.S. 1054, 105 S.Ct. 1758, 84 L.Ed.2d 821 (1985)). Quite simply, Plaintiff's conspiracy claim lacks substantial merit and thus, the amendment would be futile. *Jet, Inc. v. Sewage Aeration Systems,* 165 F.3d 419, 425 (6th Cir. 1999); *Marx v. Centran Corp.,* 747 F.2d 1536, 1550 (6th Cir.1984). For this reason, Plaintiff's Motion for Leave to Amend Complaint (Doc. 16) is denied.

**IT IS THEREFORE RECOMMENDED THAT:**

1) Defendant's Motion to Dismiss (Doc. 10) be GRANTED and Plaintiff's Complaint as it pertains to Defendant U.S. Bank be DISMISSED.

**IT IS FURTHER ORDERED THAT**

1) Plaintiff's Motion for Leave to Amend Complaint (Doc. 16) be DENIED. October 19, 2007.

## REPORT AND RECOMMENDATION

This matter is before the Court on Defendant Helvey & Associates' Motion for Summary Judgment (Doc. 15), Plaintiff's Motion in Opposition to Defendant Helvey & Associates' Motion for Summary Judgment as to all Claims (Doc. 20), and Defendant's Reply thereto (Doc. 22).

## BACKGROUND

Plaintiff filed this action pro se asserting claims for fraud, libel and slander, "bankruptcy violations," and intentional tort. (Doc. 2, Complaint, ¶¶ 11–14; 15–19; 25–28; 29–31). Plaintiff alleges that he was the owner and mortgagee of property located at 2521 Rack Court in Cincinnati, Ohio. On January 7, 2002, U.S. Bank's

predecessor, Firstar Bank, filed a foreclosure action against Plaintiff with respect to the Rack Court property. (*Id.* at ¶ 4). On June 4, 2002, judgment was entered and an Order of Sale was issued *on* July 2, 2002. *See Firstar Bank v. Torrance Smith, et. al.* Case No. A0200176 (Ham. Cty.Ct.Com.Pl.2004).[1] Defendant U.S. Bank was the successful bidder at the Sheriff sale on August 29, 2002. On September 13, 2002, a Notice of Bankruptcy was filed in the foreclosure action at which point the state action was stayed. *Id.* A discharge order in the bankruptcy action was issued on January 8, 2003. *In re Smith*, 02–bk–16796 at Doc. 21 (Bankr. S.D.Ohio)(J. Hopkins). On April 17, 2003, the automatic stay in the state foreclosure action was terminated. *Firstar Bank v. Torrance Smith, et. al.* Case No. A0200176. Thereafter, an entry confirming the sale was entered on May 28, 2003. *Id.* On August 5, 2003, an order of possession was issued by the Court *on* behalf of U.S. Bank against Plaintiff. *Id.* The property was then transferred to U.S. Bank from Plaintiff by Sheriff's deed on May 5, 2004. *Id.*

On February 4, 2004, Cincinnati Gas & Electric (CG & E) referred Plaintiffs overdue account to Defendant Helvey for collection. (Doc. 15, Ex. C, Affidavit of Linda Reed, ¶ 3). CG & E represented to Helvey that the account was valid, due and owed by Plaintiff. (*Id.*) Defendant Helvey claims it did not contact Plaintiff after October of 2004. (*Id.* at ¶ 5). Furthermore, Defendant claims it did not furnish information regarding Plaintiff's account to credit reporting agencies after October of 2004. (*Id.* at ¶ 6).

Plaintiff filed this action on June 6, 2006, in the Court of Common Pleas for Hamilton County, Ohio. (Docs.1, 2). The case was removed to this Court on July 7, 2006. (Doc. 1). Plaintiff alleges that Defendant U.S. Bank failed to transfer the deed and utility accounts for the Rack Court property from Plaintiffs name, thereby causing Plaintiff to be billed erroneously for such utility bills. Plaintiff contends that Helvey reported the account on his credit report. (*Id.* at ¶ 7). Plaintiff further alleges that Defendant Helvey has "not rectified the situation . . . ." (*Id.* at ¶ 12). Plaintiff brings three causes of action against Defendant Helvey for: 1) libel and slander; 2) violation of the Fair Debt Collection Practices Act; and 3) "intentional tort." (Doc. 2, Complaint, ¶ ¶ 15–19; 20–24; 29–31).

## OPINION

A party *may move* for summary judgment on the basis that the opposing party will not be able to produce sufficient evidence at trial to withstand a motion for judgment as a matter of law. In response to a summary judgment motion properly supported by evidence, the non-moving party is required to present some significant probative evidence which makes it necessary to resolve the parties' differing versions of the dispute at trial. *60 Ivy Street Corp., v. Alexander*, 822 F.2d 1432, 1435 (6th Cir.1987); *Harris v. Adams*, 873 F.2d 929, 931 (6th Cir.1989). Conclusory allegations, however, are not sufficient to defeat a properly supported summary judgment motion. *McDonald v. Union Camp Corp.*, 898 F.2d 1155, 1162 (6th Cir. 1990). The non-moving party must designate those portions of the record with enough specificity that the Court can readily identify those facts upon which the non-moving party relies. *Karnes v. Runyon*, 912 F.Supp. 280, 283 (S.D.Ohio

---

**1.** The Court takes judicial notice of proceedings in state court from which this case was removed. *See Rodic v. Thistledown Racing Club*, 615 F.2d 736, 738 (6th Cir.1980)(citing *Granader v. Public Bank*, 417 F.2d 75, 82–83 (6th Cir.1969)).

1995)(Spiegel, J.). "[A]fter a motion for summary judgment has been filed, thereby testing the resisting party's evidence, a factual issue may not be created by filing an affidavit contradicting [one's own] earlier deposition testimony." *Davidson & Jones Dev. Co. v. Elmore Dev. Co.*, 921 F.2d 1343, 1352 (6th Cir.1991).

The trial judge's function is not to weigh the evidence and determine the truth of the matter, but to determine whether there is a genuine factual issue for trial. *Anderson*, 477 U.S. at 249–50, 106 S.Ct. 2505. In so doing, the trial court does not have a duty to search the entire record to establish that there is no material issue of fact. *Karnes*, 912 F.Supp. at 283. *See also Street v. J.C. Bradford & Co.*, 886 F.2d 1472, 1479–80 (6th Cir.1989); *Frito-Lay, Inc. v. Willoughby*, 863 F.2d 1029, 1034 (D.C.Cir.1988). The inquiry is whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so onesided that one party must prevail as a matter of law. *Anderson*, 477 U.S. at 249–50, 106 S.Ct. 2505.

If, after an appropriate time for discovery, the opposing party is unable to demonstrate a *prima facie* case, summary judgment is warranted. *Street*, 886 F.2d at 1478 (citing *Celotex* and *Anderson*). "Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no 'genuine issue for trial.'" *Matsushita Electric Industrial Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986).

The crux of Plaintiffs claim is that Defendants are unjustly charging Plaintiff for utility bills. Plaintiff disputes that he is the responsible party on the accounts with CG & E[2] and Cincinnati Water Works with respect to the Rack Court property. Plaintiff's claims against Defendant Helvey stem from its attempts to collect on said accounts.

■ Defendants argue that Plaintiff's claim for libel and slander is barred by the statute of limitations. Ohio Revised Code § 2305.11 provides, in pertinent part, that "[a]n action for libel, slander, ... shall be commenced within one year after the cause of action accrued...." O.R.C. § 2305.11(A). Defendant's contention that it furnished no information regarding Plaintiff's account to credit reporting agencies after October, 2004, is not disputed by Plaintiff. Plaintiff's Complaint was filed on June 6, 2006. (Docs.1, 2). Accordingly, we find that Plaintiff's claim for libel and slander is time-barred and should be dismissed against Defendant Helvey & Associates.

■ Defendant next argues that Plaintiff's claim for violation of the Fair Debt Collection Practices Act (FDCPA) is time-barred by the applicable statute of limitations. 15 U.S.C. § 1692k provides, in pertinent part, that:

> An action to enforce any liability created by this subchapter may be brought in any appropriate United States district court without regard to the amount in controversy, or in any other court of competent jurisdiction, within one year from the date on which the violation occurs.

15 U.S.C. § 1692k(d). In the present case, Plaintiff does not dispute that CG & E referred Plaintiff's overdue account to Defendant Helvey for collection on February 4, 2004. (Doc. 15, Reed Affidavit at ¶ 3). It is further undisputed that Helvey has not furnished any information regarding Plaintiffs account since October, 2004.

---

**2.** In 1994, CG & E was part of a merger with two other energy companies into one Cinergy Corporation. Cinergy was then acquired by Duke Energy in 2005.

(*Id.* at ¶ 5). Moreover, Plaintiff has not disputed that Helvey has not contacted him since October, 2004. (*Id.* at ¶ 6). Because Plaintiff's Complaint was not filed until June 6, 2006, it is time-barred pursuant to 15 U.S.C. § 1692k(d).

 Lastly, Defendant argues that Plaintiff's claim for intentional infliction of emotional distress[3] should be dismissed because Plaintiff has failed to show that Defendant's conduct was so outrageous "as to go beyond all possible bounds of decency." *Yeager v. Local Union 20, Teamsters, Chauffeurs, Warehousemen & Helpers of America,* 6 Ohio St.3d 369, 453 N.E.2d 666, 671 (1983). We agree. Plaintiff has provided the Court with no evidence which establishes that Defendant's alleged conduct was so extreme as to "lead [the average member of the community] to exclaim, 'outrageous!' " *Yeager,* 453 N.E.2d at 671. Accordingly, we find that Plaintiff's claim for intentional infliction of emotional distress should be dismissed.

## IT IS THEREFORE RECOMMENDED THAT

1) Defendant Helvey & Associates' Motion for Summary Judgment (Doc. 15) be GRANTED and Plaintiff's Complaint be DISMISSED as against Defendant Helvey & Associates.

## REPORT AND RECOMMENDATION

This matter is before the Court on Defendant City of Cincinnati's Motion for Judgment on the Pleadings (Doc. 25), and Plaintiff's Motion in Opposition of Defendant Cincinnati Water Works Judgment on the Pleadings, A Stay of Mediation (Doc. 30).

**3.** Plaintiff's Complaint does not state what intentional tort he is asserting. (*See* Doc.2, ¶¶ 29–31). However, the Court assumes, as does Defendant, that Plaintiffs claim is one for intentional infliction of emotional distress.

## BACKGROUND

Plaintiff filed this action pro se asserting claims for fraud, libel and slander, "bankruptcy violations," and intentional tort. (Doc. 2, Complaint, ¶¶ 11–14; 15–19; 25–28; 29–31). Plaintiff alleges that he was the owner and mortgagee of property located at 2521 Rack Court in Cincinnati, Ohio. On January 7, 2002, U.S. Bank's predecessor, Firstar Bank, filed a foreclosure action against Plaintiff with respect to the Rack Court property. (*Id.* at ¶ 4). On June 4, 2002, judgment was entered and an Order of Sale was issued on July 2, 2002. *See Firstar Bank v. Torrance Smith, et. al.* Case No. A0200176 (Ham. Cty.Ct.Com.Pl.2004).[1] Defendant U.S. Bank was the successful bidder at the Sheriff sale on August 29, 2002. On September 13, 2002, a Notice of Bankruptcy was filed in the foreclosure action at which point the state action was stayed. *Id.* A discharge order in the bankruptcy action was issued on January 8, 2003. *In re Smith,* 02–bk–16796 at Doc. 21 (Bankr. S.D.Ohio)(J. Hopkins). On April 17, 2003, the automatic stay in the state foreclosure action was terminated. *Firstar Bank v. Torrance Smith, et. al.* Case No. A0200176. Thereafter, an entry confirming the sale was entered on May 28, 2003. *Id.* On August 5, 2003, an order of possession was issued by the Court on behalf of U.S. Bank against Plaintiff. *Id.* The property was then transferred to U.S. Bank from Plaintiff by Sheriffs deed on May 5, 2004. *Id.*

On February 4, 2004, Cincinnati Gas & Electric (CG & E) referred Plaintiff's overdue account to Defendant Helvey for col-

**1.** The Court takes judicial notice of proceedings in state court from which this case was removed. *See Rodic v. Thistledown Racing Club,* 615 F.2d 736, 738 (6th Cir.1980)(citing *Granader v. Public Bank,* 417 F.2d 75, 82–83 (6th Cir.1969)).

lection. (Doc. 15, Ex. C, Affidavit of Linda Reed, ¶ 3). CG & E represented to Helvey that the account was valid, due and owed by Plaintiff. (*Id.*) Defendant Helvey claims it did not contact Plaintiff after October of 2004. (*Id.* at ¶ 5). Furthermore, Defendant claims it did not furnish information regarding Plaintiff's account to credit reporting agencies after October of 2004. (*Id.* at ¶ 6).

Plaintiff filed this action on June 6, 2006, in the Court of Common Pleas for Hamilton County, Ohio. (Docs.1, 2). The case was removed to this Court on July 7, 2006. (Doc. 1). Plaintiff alleges that Defendant U.S. Bank failed to transfer the deed and utility accounts for the Rack Court property from Plaintiff's name, thereby causing Plaintiff to be billed erroneously for such utility bills. Plaintiff contends that Helvey reported the account on his credit report. (*Id.* at ¶ 7). Plaintiff further alleges that Defendant Helvey has "not rectified the situation...." (*Id.* at ¶ 12). Plaintiff brings three causes of action against Defendant Helvey for: 1) libel and slander; 2) violation of the Fair Debt Collection Practices Act; and 3) "intentional tort." (Doc. 2, Complaint, ¶¶ 15–19; 20–24; 29–31).

## OPINION

In determining a motion for judgment on the pleadings pursuant to Fed.R.Civ.P. 12(c), "all well-pleaded material allegations of the pleadings of the [non-movant] must be taken as true." *U.S. v. Moriarty*, 8 F.3d 329, 332 (6th Cir.1993)(quoting *Lavado v. Keohane*, 992 F.2d 601, 605 (6th Cir.1993)). "The motion is granted when no material issue of fact exists and the party making the motion is entitled to judgment as a matter of law." *Paskvan v. City of Cleveland Civil Serv. Comm'n*, 946 F.2d 1233, 1235 (6th Cir.1991). Where a Rule 12(b)(6) defense of failure to state a claim upon which relief may be granted is raised by a Rule 12(c) motion for judgment

on the pleadings, the Court must apply the standard for a Rule 12(b)(6) motion. *Morgan v. Church's Fried Chicken*, 829 F.2d 10, 11 (6th Cir.1987).

In determining a motion to dismiss for failure to state a claim, the allegations in the complaint must be taken as true and construed in the light most favorable to the nonmoving party. *Westlake v. Lucas*, 537 F.2d 857 (6th Cir.1976). The motion to dismiss should not be granted "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45–46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957); *Scheuer v. Rhodes*, 416 U.S. 232, 236, 94 S.Ct. 1683, 40 L.Ed.2d 90 (1974). Although pro se complaints are held to less stringent standards as compared with formal pleadings drafted by attorneys, the Court is not required to fabricate allegations which are not plead. *Estelle v. Gamble*, 429 U.S. 97, 106, 97 S.Ct. 285, 50 L.Ed.2d 251 (1976); *Haines v. Kerner*, 404 U.S. 519, 520, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972); *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir.1979).

More than bare assertions of legal conclusions are required to satisfy federal notice pleading requirements. A complaint must contain "either direct or inferential allegations respecting all the material elements to sustain a recovery under *some* viable legal theory." *Scheid v. Fanny Farmer Candy Shops, Inc.*, 859 F.2d 434, 436 (6th Cir.1988) (quoting *Car Carriers, Inc. v. Ford Motor Co.*, 745 F.2d 1101, 1106 (7th Cir.1984), *cert. denied*, 470 U.S. 1054, 105 S.Ct. 1758, 84 L.Ed.2d 821 (1985) (citations omitted)(emphasis in original)). A complaint will not be dismissed when plaintiff fails to plead facts in support of "every arcane element of his claim," but when a complaint "omits facts that, if they existed, would clearly dominate the case," it is fair to assume that those facts do not

exist. *McGregor v. Industrial Excess Landfill, Inc.*, 856 F.2d 39, 43 (6th Cir. 1988) (quoting *O'Brien v. DiGrazia*, 544 F.2d 543, 546 n. 3 (1st Cir.1976), *cert. denied sub nom. O'Brien v. Jordan*, 431 U.S. 914, 97 S.Ct. 2173, 53 L.Ed.2d 223 (1977)).

The crux of Plaintiff's claim is that Defendants are unjustly charging Plaintiff for utility bills. Plaintiff disputes that he is the responsible party on the accounts with CG & E[2] and Cincinnati Water Works with respect to the Rack Court property.

■ City of Cincinnati argues that the named Defendant Cincinnati Water Works is not *sui juris* and, therefore, cannot be sued. The Cincinnati Water Works, as a department of the City of Cincinnati, a municipal corporation, is not *sui juris* and cannot be sued absent statutory authority. *See City of Cuyahoga Falls v. Robart*, 58 Ohio St.3d 1, 567 N.E.2d 987, 992 (1991)(citing *State, ex. rel. Cleveland Municipal Court v. Cleveland City Council*, 34 Ohio St.2d 120, 296 N.E.2d 544, 547 (1973); *Council of Whitehall v. Rogers*, 69 Ohio App.2d 124, 432 N.E.2d 216 (1980)). Pursuant to Ohio Revised Code § 715.01, "[e]ach municipal corporation is a body politic and corporate, which ... may sue and be sued...." O.R.C. § 715.01. However, there is no statutory authority affording a department, such as Cincinnati Water Works, the capacity to be sued. Thus, it appears that the City of Cincinnati is the real party in interest. As such, Plaintiff has failed to demonstrate that the Cincinnati Water Works is *sui juris* and his claims against such should be dismissed. *See Robart*, 567 N.E.2d at 992.

Even assuming Plaintiff's claims for fraud, libel and slander and intentional infliction of emotional distress were brought against the proper party, Plaintiff's claims fail as the Court is without jurisdiction over said claims.[3] Ohio Revised Code § 4905.04 grants to the Ohio Public Utilities Commission ("PUCO") the power and jurisdiction to supervise and regulate public utilities. Ohio Revised Code § 4905.26 provides in pertinent part,

Upon complaint in writing against any public utility by any person, ..., that any rate, ..., charge, ..., or service, ..., or service rendered, charged, demanded, exacted, or proposed to be rendered, charged, demanded, or exacted, is in any respect unjust, unreasonable, ..., or in violation of law, or that any regulation, measurement, or practice affecting or relating to any service furnished by the public utility, or in connection with such service, is, ..., in any respect unreasonable, unjust, ..., if it appears that reasonable grounds for complaint are stated, the commission shall fix a time for hearing and shall notify complainants and the public utility thereof. Such notice shall be served not less than fifteen days before hearing and shall state the matters complained of. The commission may adjourn such hearing from time to time.

"The Commission has exclusive jurisdiction over various matters involving public utilities, such as rates and charges, classifications, and service, effectively denying to all Ohio courts (except [the Ohio Supreme Court]) any jurisdiction over such matters." *State ex. rel., the Illuminating Com-*

---

**2.** In 1994, CG & E was part of a merger with two other energy companies into one Cinergy Corporation. Cinergy was then acquired by Duke Energy in 2005.

**3.** While the City has not addressed the issue in its motion, we find it appropriate to *sua*

*sponte* consider the issue of subject matter jurisdiction at this juncture. "Whenever it appears by suggestion of the parties or otherwise that the court lacks jurisdiction of the subject matter, the court shall dismiss the action." Fed.R.Civ.P. 12(h)(3).

*pany v. Cuyahoga Court of Common Pleas, et. al.,* 97 Ohio St.3d 69, 776 N.E.2d 92, 96 (2002)(quoting *State ex. rel. Cleveland Elec. Illum. Co. v. Cuyahoga Court of Common Pleas,* 88 Ohio St.3d 447, 727 N.E.2d 900, 903 (2000)). While courts retain limited subject matter jurisdiction over pure common-law tort and certain contract actions involving utilities regulated by the commission, *see e.g. State ex. rel., the Illuminating Company,* 776 N.E.2d at 97, Plaintiff's claim for fraud does not arise under these types of actions. Plaintiff's fraud claim in Count I of his Complaint alleges that Cincinnati Water Works continued to bill Plaintiff for utility accounts for 2521 Rack Court in error. Simply stated, Plaintiff disputes that he is the responsible party on the accounts with Cincinnati Water Works. Such a claim is clearly within the exclusive jurisdiction of PUCO and we are, therefore, without jurisdiction over Plaintiff's fraud claim.

Although the Courts retain limited subject matter jurisdiction over pure common law tort actions involving utilities regulated by the commission, simply " '[c]asting the allegations in the complaint to sound in tort or contract is not sufficient to confer jurisdiction upon a trial court' when the basic claim is one that the commission has exclusive jurisdiction to resolve." *The Illuminating Company,* 776 N.E.2d at 97 (quoting *Higgins v. Columbia Gas of Ohio, Inc.,* 136 Ohio App.3d 198, 736 N.E.2d 92, 95 (2000)). In the present case, Plaintiff's claims against the City are clearly based on his belief that he is being unjustly charged for utility bills with respect to the Rack Court property. Thus, although presented as claims sounding in tort, Plaintiff's claims against the City are, in fact, service related complaints and are within the exclusive jurisdiction of PUCO. Accordingly, for the reasons stated above, we find that, in the event Plaintiff's claims can be construed as against the City, Defendant's motion should be granted with respect to Dismiss Counts I, II and V of Plaintiff's Complaint.

Plaintiff has alleged that Defendants have violated the discharge injunction by failing to remove his name from the utility accounts for the Rack Court property. However, Plaintiff's Complaint does not allege that the City is attempting to *collect* on the alleged debt owed to Cincinnati Water Works. As such, Plaintiff's Complaint fails to state a claim against the City for violation of the bankruptcy discharge injunction. For this reason, Count IV of Plaintiff's Complaint should be dismissed.

Additionally, it appears that any claims for "bankruptcy violations" should be pursued in the Bankruptcy Court. On October 24, 2005, a General Order Governing Bankruptcy Referral was issued which directs that "all cases under the Bankruptcy Act and Title 11 of the United States Code and all actions, matters or proceedings arising under Title 11 of the United States Code shall be referred to the Bankruptcy Judges for this Judicial District...." General Order No. 05–02. Accordingly, pursuant to this Court's General Order Governing Bankruptcy Referral, General Order No. 05–02, any claims alleging a violation of the bankruptcy discharge order should be referred to the United States Bankruptcy Court for the Southern District of Ohio. *See Hamilton Allied Corp.,* 87 B.R. 43 (Bankr.S.D.Ohio 1988).

**IT IS THEREFORE RECOMMENDED THAT**

1) The City of Cincinnati's Motion for Judgment on the Pleadings (Doc. 25) be GRANTED.

2) Plaintiff's Complaint be DISMISSED as against Defendant Cincinnati Water Works.

3) To the extent Plaintiff's Complaint can be construed as against the City,

Plaintiff's Complaint be DISMISSED as against the City of Cincinnati.

October 25, 2007.